Wolcott v. Meech.

---

[MONROE GENERAL TERM, September 1, 1856. *T. R. Strong, Welles* and *Smith,* Justices.]

---

◆

---

## WOLCOTT *vs.* MEECH.

Where it was alleged in the complaint that the work and labor for which the action was brought was performed by Jones Wolcott, and the testimony showed that his real name was Edwin Jones Wolcott; *Held,* that this was an immaterial variance, and was properly disregarded by the referee.

APPEAL by the defendant from a judgment entered at a special term, upon the report of a referee. The action was brought by the plaintiff, John Wolcott, as assignee of "Jones Wolcott," to recover for work and labor performed by the latter for the defendant, in running a canal boat for him, during the season of 1848. The bill of particulars furnished by the plaintiff was for the "labor and services of *E. Jones Wolcott* in running canal boat for defendant for 7 months and 15 days, at $120 per month." The referee reported in favor of the plaintiff, for the amount claimed.

*George B. Bradley,* for the plaintiff.

*Harris & Courtney,* for the defendant.

*By the Court,* E. DARWIN SMITH, J. In the complaint it is claimed that the work and labor for which this action was brought was performed by Jones Wolcott. The testimony in the case shows that his real name was Edwin Jones Wolcott.

Wolcott *v.* Meech.

It was objected when the witness was called, and on the motion for a nonsuit, that this was a fatal variance, and that the contract set out in the complaint was not sustained by the proof. The referee disregarded the variance, and I think very properly. Among the best, if not the best provision in the code, is section 169, which is as follows : "No variance between the allegations in a pleading and the proof shall be deemed material, unless it have actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits." Immaterial variances are to be disregarded on the trial, or the court may then amend, or whenever the question is presented. (*Secs.* 170, 173 *and* 176.) These are most beneficent provisions, and should be liberally construed and carried out. They were designed to correct a great evil and wrong in the old system, the turning of a party out of court, as very frequently happened, upon slight and non-essential mistakes in pleading, or variances between the pleadings and the proof. The defendant in this case could not have been misled by the mistake in the name of the witness ; for, in the bill of particulars given in the cause, the labor and services are stated to have been rendered by E. Jones Wolcott, and there is no pretense in the case of any surprise on this point. On the merits there was conflicting evidence. The witness, Jones Wolcott, and the defendant, contradict each other in many points, positively. But this was a question for the referee, and we should not disturb his finding on such a point, more than we would the finding of a jury. But I think he decided it right. There was considerable corroborative evidence to sustain Wolcott. He had, confessedly, worked for the line in which the defendant was a large proprietor, and he had not been paid. He states many facts and particulars which must be true, and which tend to confirm his testimony ; while the testimony of the defendant is chiefly in the *non mi ricordo* vein. I think substantial justice has been done by the referee, and a new trial should be denied.

　　　　　　　　　　　　　　　　Judgment affirmed.

[MONROE GENERAL TERM, September 1, 1856. *T. R. Strong, Welles* and *Smith*, Justices.]