# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT,

JANUARY TERM, 1867.

| 32 | 11 |
|-----|-----|
| 111 | 128 |

## M. BEGAN *v.* JOHN O'REILLY, MICHAEL O'REILLY, AND GEORGE W. COX.

MORTGAGE AS EVIDENCE.—If a mortgage on a mining claim describes it generally by name, and then gives the monuments and cardinal points by which it is bounded on three sides, without naming the boundary on the fourth side, and there is an averment in the complaint stating the fourth boundary, and the complaint also gives the general name and the other three boundaries as contained in the mortgage, without naming the cardinal points, and the mortgage is not set out in *hæc verba* in the complaint, it is admissible in evidence in an action to foreclose it, as against a subsequent mortgagee who denies that the mortgagor mortgaged the land described in the complaint.

PAROL EVIDENCE TO EXPLAIN MORTGAGE.—Where a mortgage on land describes the land generally by name, but does not state all the monuments bounding it on its several sides, and the complaint contains an averment as to what the monuments not given were, parol evidence may be introduced to identify the mortgaged premises as set out in the complaint.

VARIANCE BETWEEN PLEADINGS AND PROOFS.—A judgment will not be reversed on the ground of variance between the pleadings and proofs when the variance does not mislead the appellant to his prejudice.

IDEM.—The seventy-first section of the Practice Act, requiring immaterial variances between the pleadings and proofs to be disregarded, is a most beneficial provision, and should be literally construed and carried out.

APPEAL from the District Court, Tenth Judicial District, Sierra County.

The plaintiff recovered judgment in the Court below.
The other facts are stated in the opinion of the Court.

*Van Clief & Cowden,* for Appellant. It was not competent for respondent to prove by parol or any other kind of evidence *dehors* the mortgage, that the property described in the complaint was the same as that described in the mortgage, unless there had been some issue upon it or some foundation laid for it in the pleadings. In *Doe* v. *Vallejo,* 29 Cal. 386, the answer set up the facts disclosing the latent ambiguity, and contained proper averments of the facts showing the true intention of the parties. The plaintiff therefore had an opportunity to prepare his evidence to meet those issues and averments; but in the case at bar there is no ambiguity. The Court should have excluded the mortgage on the ground of variance in the matter of description alone. What we contend for is, that they should either have been confined to the description in their mortgage, or they should have laid the foundation for correcting or explaining that description in their complaint.

*Creed Haymond,* for Respondent. A description of the property mortgaged contained in a pleading is not required to follow that in the mortgage. A tract of land may be described in many ways, and where two descriptions are given, the only question is one of identity—a question of evidence and not of pleading. In such case the variance is only an apparent one, and vanishes before the proof of identity. (*Worthington* v. *Higler,* 4 Mass. 196; *Sawyer* v. *Kendall,* 10 Cush. 241; *Seaman* v. *Hogeboom,* 21 Barb. 399.) If there was a variance the evidence did not injure the defendant. There was a latent ambiguity in the mortgage which was supplied by averment in the complaint. (*Doe* v. *Vallejo,* 29 Cal. 386.) If there was a variance it devolved on appellant to show that he was misled thereby to his prejudice. (*Catlin* v. *Gunter,* 10 How. Pr. R. 321; *Catheal* v. *Talmadge,* 1 E. D. Smith, 575.)

By the Court, SHAFTER, J.:

This was an action for the foreclosure of a mortgage bearing date May 16, 1865, executed by the defendants, John and Michael O'Reilly, to the plaintiff. The defendant Cox, who appeals from the judgment, was made a party on the ground that he claimed some lien on the premises, "which lien is subsequent to the lien of the plaintiff." The answer of Cox begins with a detailed confession of what is charged against him, in a general way, in the complaint. That is to say, the answer alleges that the O'Reillys mortgaged to Cox on the 10th of June, 1865, all the land, mining claims and property described in the plaintiff's complaint—but concludes with a denial that the O'Rei^lis ever mortgaged the lands described in the complaint to the plaintiff. This was the only issue in the case.

The mortgaged premises were described in the complaint as "all that certain piece or parcel of land and property situated in Greenwood Mining District, near St. Louis, in the County of Sierra and State of California, known and designated as the claims of O'Reilly Brothers, and bounded by Cedar Grove Ravine, the claims of the Greenwood Company, the ' Clipper Ship Claims,' and the summit of the dividing ridge between Slate and Cañon Creeks." The plaintiff offered a mortgage made to him by the O'Reillys bearing date May 16th, 1865. The appellant objected to its introduction on the ground that the description of the property in the complaint was not the same, either in form or substance, as the description contained in the mortgage. The objection was overruled and the appellant excepted.

First—The ruling was right.

It will be observed that the mortgage was not set out in *hæc verba*, but was stated according to its effect as apprehended by the pleader, and thus the possibility of literal variances is precluded. There are two independent descriptions of the mortgaged property given in the complaint. The first is by a name, to wit: "Known and designated as the mining claims

of O'Reilly Brothers;" the second is by boundaries. There are two corresponding descriptions in the mortgage. The description therein by name, is literally identical with that given in the complaint, and the description by boundaries is not contradictory to the description by boundaries in the complaint, but is identical with it, so far as it goes. In the complaint the land is bounded on four sides by visible objects, but in stating them no reference is made to cardinal points. In the mortgage the land is bounded on the north by one of the four objects named in the complaint, on the south by another, and on the east by another. The two descriptions, though not equally complete, are the same *pro tanto*. The western boundary, left open in the mortgage, is supplied by averment in the complaint. The latter, in short, discloses the particular character of the boundary, the existence of which is implied in the complaint.

It is further alleged in the complaint that the mortgage contained a covenant for an attorney's fee of ten per cent in the event of foreclosure ; and it appears the mortgage offered in evidence contained no such provision. The judgment recovered by the plaintiff allows nothing for attorney's fees, and conceding that the discrepancy between the pleadings and the proof amounted to a variance, the judgment should not be reversed on that ground, for the Court below was not, and we are not satisfied that the variance misled the appellant to his prejudice. (Prac. Act, Sec. 71.) Immaterial variances are to be disregarded on the trial or whenever the question may be presented. This is a most beneficial provision, and should be literally construed and carried out. (*Wolcott* v. *Meach*, 22 Barb. 321.)

Second—The plaintiff offered a witness " to prove that the property described in the complaint and that described in the mortgage were the same." The evidence was objected to by the appellant on the ground that it was irrelevant to the issue.

The only issue, as we have already seen, was as to whether the O'Reillys ever gave the plaintiff a mortgage of the land described in the complaint. If they did, then it stood admitted

that the subsequent mortgage to Cox covered that and not other or different land. As it appeared on inspection that the description by name contained in the mortgage was identical with the description by name given in the complaint, the plaintiff might, perhaps, have safely rested his case upon this single correspondence between his pleadings and proof. If so, then the extrinsic evidence offered to prove a further correspondence was simply redundant. But though the plaintiff was not obliged, on this view of the matter, to put in the evidence, still the evidence was not irrelevant, for it bore directly upon the question of whether the plaintiff had or had not a mortgage on the lands described in his complaint. The witness testified " that he knew the Greenwood Mining District, and that there was but one set of mining claims there known as the ' O'Reilly Brothers Claims;' " and that they were, in fact, bounded by the monuments named in the complaint. By this evidence the premises mortgaged were the more fully identified with the description given of them in the plaintiff's pleading.

Judgment affirmed.

Mr. Justice SANDERSON expressed no opinion.