## Andrew Donnan
### v.
## John Gross.

Joint liability—Partnership.—The fact, if true, that the defendants were jointly engaged in an enterprise from which some kind of benefits or profits were expected, and it was intended that each should receive some part of the benefits or profits of such enterprise, does not constitute them partners; and an instruction that if the jury found such to be the fact, the plaintiff could recover, is erroneous, especially without proof that plaintiff's claim was rendered for the firm.

Appeal from the Circuit Court of St. Clair county; the Hon. William H. Snyder, Judge, presiding.

Messrs. Wilderman & Hammill, for appellant; that statements of one defendant as to a partnership cannot bind the other, where the question of partnership is in issue, cited 1 Greenleaf's Ev. § 177; 2 Greenleaf's Ev. § 484; Degan et al. v. Singer, 41 Ill. 28; Hahn v. St. Clair S. & Ins. Co. 50 Ill. 456.

If a person suffers his name to be used in business or holds himself out as partner, he will be so considered: 3 Kent's Com. 52; Fisher v. Bowles, 20 Ill. 396.

If the company was not properly organized then all the incorporators are liable as partners, and the action should be against all or none: Pettis et al. v. Atkins, 60 Ill. 455.

If an instruction assumes to be a complete statement of a case entitling a party to recover, it must state fully all that

need be proved: St. L. & S. E. R. R. Co. v. Britz, 72 Ill. 261.

The instruction given for plaintiff warranted the jury in disregarding all other instructions: Bennett v. Pulliam, App. Ct. Fourth Dist. Feb. Term, 1878. [*ante* 185.]

Objections to evidence must be made in the court below: Lowe v. Bliss, 24 Ill. 169; Johnson v. Adleman, 35 Ill. 265; Phy v. Clark, 35 Ill. 377; Jackson v. Warren, 32 Ill. 331; Gordon v. Goodell, 34 Ill. 429; Wickenkamp v. Wickenkamp, 77 Ill. 92; Craig v. McKinny, 72 Ill. 305.

Pleadings before a justice are *ore tenus:* Comstock v. Ward, 22 Ill. 248; Williams v. Corbett, 28 Ill. 262.

Trying a case without a formal issue being made up, is a waiver of that question: Durham v. Mulkey, 59 Ill. 91; Strohm v. Hayes, 70 Ill. 41; Bunker v. Green, 48 Ill. 243; Beesley v. Hamilton, 50 Ill. 88; Craig v. McKinney, 72 Ill. 305; King v. Haines, 23 Ill. 340.

A plea denying partnership may be made with the general issue: Stillson v. Hill, 18 Ill. 262.

And without affidavit: Lockridge v. Nuckolls, 25 Ill. 178; Rev. Stat. 1874, Chap. 73, § 36.

The evidence fails to show a partnership: Fawcett v. Osborne, 32 Ill. 411; Parsons on Partnership, 66; Holmes v. Old Colony R. R. 15 Gray, 58; Barckle v. Erkhard, 1 Denio, 337; Vanderburgh v. Hull, 20 Wend. 70; Loomis v. Marshall, 12 Conn. 69; Waugh v. Carver, 1 Smith's Lead. Cas. 968.

Mr. F. A. McConaughy, for appellee; that a denial of joint liability could not be made for the first time in the Circuit Court on appeal from a justice, cited Bates et al. v. Bulkley, 2 Gilm. 389.

Failure to deny joint liability by affidavit, operates as an admission: Stevenson v. Farnsworth, 2 Gilm. 715; Warren v. Chambers, 12 Ill. 124; Davis v. Scarritt, 17 Ill. 202.

A denial by one defendant makes proof necessary as to him only; Davis v. Scarritt, 17 Ill. 202; Degan v. Singer, 41 Ill. 28.

Wall, J. In this case Henderson and Donnan were sued jointly before a justice of the peace. Henderson was not served;

judgment was had against Donnan, who appealed to the Circuit Court, where he was again unsuccessful, and he brings the case to this court. The demand was for a livery bill, amounting to $130.50, incurred by Henderson, as is claimed, on the joint account of himself and Donnan. The evidence in the record here presented fails to show any express authority from Donnan to incur liability on his account, nor can we say that there is anything in the whole case as it appears here, from which to imply a liability, based upon his relations with Henderson or with the corporation of which they were both members. It is shown that these two men were joint owners of some real estate, and it is in evidence that one item in the account was for buggy hire by Henderson, for the purpose of looking after the property.

It is also shown that Donnan occasionally hired horses and buggies of the plaintiff, but always paid for them. It is urged here, as in the case of Donnan v. Bang, decided at this term, that joint liability not having been denied under oath, the question could not be raised on the trial. This involves a construction of Sec. 58, Chap. 79, of the Revised Statutes. What was said in Donnan v. Bang upon this point applies here, and need not be repeated. The court, at the instance of the plaintiff, gave the following instruction: "The court instructs the jury that if they believe, from the evidence, that the said defendants, Henderson and Donnan, were jointly engaged in an enterprise from which some kind of benefits or profits were expected, and it was intended that each should receive some part of the benefits or profits of the said enterprise, then they are partners, and the jury will find for the plaintiff the amount proved to be due." It will probably not be urged that a partnership in its legal sense can be predicated upon the facts here stated, nor that the instruction is a critical or exact statement of a legal proposition; but unless it probably misled the jury, the case should not be reversed because it was given. It advises the jury that if they believe that Henderson and Donnan were jointly engaged in an enterprise from which each expected profit, they were partners, and the plaintiff should recover the amount proved to be due. The facts stated would

not constitute a partnership; but if a partnership existed, the plaintiff could not have recovered unless his claim was for items rendered to the firm. This latter proposition was a question for the jury, supposing a partnership existed; but the instruction assumed it to be true, leaving for the jury only to find whether the two men were jointly engaged in an enterprise from which some kind of benefits or profits were expected by each. In view of the evidence, we think the jury were probably misled by the instruction. The judgment is reversed and the cause remanded.

Reversed and remanded.