[No. 6,427.]
## QUACKENBUSH v. SAWYER.

PARTNERSHIP.—A mere joint ownership in personal property does not constitute a partnership; nor was a partnership created by an agreement to divide the income of a business, carried on by a third party with the joint property of the plaintiff and defendant, and paid to the latter for the joint use of himself and the plaintiff.

VARIANCE. — A variance between the allegations of the complaint and the evidence, stated in the opinion, and *held* to be immaterial.

APPEAL from a judgment, in the District Court, City and County of San Francisco.   J. B. MHOON, Referee.

The facts are stated in the opinion.

*A. W. Thompson*, for Appellant.

*Edward J. Pringle*, for Respondent.

Department No. 1, McKEE, J. :

We do not regard the action in this case, as does counsel for the appellant, as an action for the settlement of a partnership account.

In substance it is alleged, in the complaint in the case, that the parties had severally advanced certain sums of money in purchasing the " circus property " mentioned in the complaint; that they then entered into an agreement that the defendant should take and keep possession of the property, and cause it to be used and employed by circus companies or managers for the joint benefit of himself and the plaintiff in equal shares ; that in using or employing it for this purpose, he should make provision that the " rent or compensation " receivable for the use of the property should be first paid to him, and that, upon collecting or receiving such " rent or compensation," he should account therefor, and pay it over every month to the plaintiff, until the money which plaintiff had advanced for the purchase of the property, and interest thereon from the time of its advancement, should be paid ; and after such payment, defendant should account for and pay over to the plaintiff one-half of said rent or compensation.   And it is charged that the defendant received as " rent or compensation " for the use of the property, large

sums of money, of the amount of which plaintiff is ignorant, and he prays for an accounting and division of the property.

Each allegation of the complaint is specifically denied by the answer, and a special defense is also set up. The proofs on the trial establish these facts: That in June, 1873, one Conklin was owner of the " circus property " mentioned in the pleadings, and manager of a certain troupe or company of circus performers; that by a bill of sale Conklin transferred the property to the parties in this action, as security for the payment to them of certain sums of money, which they had severally advanced to him. That they agreed with each other that defendant should take possession of the property, and transport it from place to place in the State of California, upon a performing tour, and receive or collect the income of the performances, and apply it, first of all, to the payment of money advanced by the plaintiff, and then to the payment of what he himself had advanced to Conklin.

Pursuant to this agreement, defendant took possession of the property; and, being a teamster, made a contract with Conklin for the transportation of the property, during the summer season of 1873, from place to place in the State of California, on a performing tour, under the direction of Conklin. Performances were given in various interior towns and cities of the State, at which the defendant collected or received $4,200; but he has failed and refused to account for or pay to the plaintiff any portion thereof. Upon these proofs the Court below rendered judgment against the defendant for the amount of money advanced by the plaintiff to Conklin, and interest thereon from the date of its advancement.

The bill of sale to the parties made them joint owners of the property (*Heyland* v. *Badger*, 35 Cal. 404); but a mere joint ownership in personal property does not constitute the owners partners. (*Post* v. *Kimberly*, 9 Johns. 470; *Hawes* v. *Tillinghast*, 1 Gray, 289.) Nor did the agreement between them have that effect. A partnership is the association of two or more persons for the purpose of carrying on business together, and dividing its profits between them. (§ 2,235 Civ. Code.) But plaintiff and defendant were not engaged in the circus business,

nor did they agree to carry it on.   The business belonged to Conklin alone; and in it the defendant used the joint property of himself and the plaintiff—as he was authorized to use it in the business of any other circus manager—upon the terms and conditions that *he* was to receive the income of the business from Conklin, for the payment of their claims against Conklin. Only to the extent of the income, or, as the pleader calls it, " rent or compensation," receivable by the defendant, were they at all interested in the business; but an agreement to divide the income of a business does not create a partnership; therefore, when the defendant received the income, he did not receive it as a partner, but as a trustee; and he held so much of it as was necessary to pay the plaintiff's demand against Conklin, in trust for that purpose, and it was his duty to account for it to the plaintiff; failing in *that*, the plaintiff had a right to compel him to account for so much of it as came into his hands for the purpose of discharging his trust.

The character of the agreement between them, as set forth in the complaint, and that proved at the trial, made an account necessary to determine the respective rights of the parties. (*Gar* v. *Redman*, 6 Cal. 576.)   And while there is some difference between the agreement as stated in the complaint, and that proven at the trial, yet the variance is not material.   It is one which could not have misled or surprised the defendant to his prejudice in maintaining his defense upon the merits. (Code Civ. Proc., § 469; *Peter* v. *Foss*, 20 Cal. 590; *Regan* v. *O'Reilly*, 32 Ind. 14; *Woolcott* v. *Meach*, 22 Barb. 321.

Judgment affirmed.

Ross, J., and McKinstry, J., concurred.