# THOMAS NOONAN, APPELLANT, *v.* MATTHEW NUNAN, RESPONDENT.

APPEAL — FILING UNDERTAKING AND NOTICE. — An appeal is properly taken when the notice of appeal is served on the 12th of January, 1885, filed on the following day, and the undertaking on appeal is filed on the 16th of the same month.

PARTNERSHIP — PURCHASE OF INTEREST OF DECEASED PARTNER. — The mere purchase of the interest of the estate of a deceased partner in the partnership property does not create a new partnership between the purchaser and the surviving partner of the old firm.

ID. — PLEADINGS — ACCOUNTING — TENANCY IN COMMON. — A plaintiff, who bases his right to an accounting upon an allegation of a partnership between himself and the defendant, is not entitled to such relief upon the mere proof of a tenancy in common.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The action was brought to establish a partnership, decree its dissolution, and for an accounting of the partnership affairs. The complaint alleged that on the 30th of April, 1867, C. M. Armstrong and Matthew Nunan entered into partnership in the business of brewing malt liquors, under the name of the Hibernia Brewery, and on the 1st of May, 1867, they leased certain premises for the purpose of the business, and as a firm erected improvements thereon; that subsequently Armstrong died intestate, and his interest in the partnership and its effects was purchased at a probate sale by the plaintiff, Thomas Noonan, for his own benefit, he paying the whole of the purchase price; that it was understood between the plaintiff and the defendant, that if he, the plaintiff, bought the interest of Armstrong, they would henceforth be partners in the business; that thereupon, by consent of all the parties, a deed conveying the interest of Armstrong's estate in the partnership effects was executed to the defendant, but that the same was in-

tended to be and was in trust for the plaintiff, and that thereafter the business was continued, with great profit, on the same premises, with the same stock, and under the same name. The complaint, after further averring the refusal of the defendant to account for the profits of the business, prayed for a decree establishing the partnership between the plaintiff and the defendant, that the same be dissolved, and that the defendant account to the plaintiff for his proportion of the profits. The answer denied all the allegations of the complaint with respect to a partnership between the plaintiff and the defendant, and averred that the purchase of the interest of the estate of Armstrong was made by the defendant for his own benefit, and not in trust for the plaintiff. The court found that the defendant made the purchase in trust for the plaintiff, but that no partnership had ever existed between them, and that the defendant was not liable to account to the plaintiff. Upon these findings judgment was rendered in favor of the defendant, from which, and from an order refusing him a new trial, the plaintiff appealed. On the trial, the plaintiff, for the purpose of showing the existence of the partnership, offered in evidence the judgment roll in an action brought by the Odd Fellows' Bank against Thomas Noonan and Matthew Nunan et al., in which the question of the existence of the partnership was in dispute, and findings thereon had been made. The court excluded the evidence, to which ruling the plaintiff excepted. The further facts are stated in the opinion of the court.

*J. C. Bates*, and *E. J. & J. H. Moore*, for Appellant.

Notwithstanding the non-existence of a partnership, the findings show that the plaintiff and defendant were tenants in common, which is sufficient to entitle the plaintiff to an accounting. (*McCauley* v. *Fulton*, 44 Cal. 362; *Heinlen* v. *Martin*, 53 Cal. 345; *Quackenbush* v. *Sawyer*, 54 Cal. 441; *Stokes* v. *Stevens*, 40 Cal. 391; *Decker* v.

*Howell,* 42 Cal. 642.) The evidence shows the existence of a partnership. (*Peacock* v. *Peacock,* 16 Ves. 49; *Featherstonhaugh* v. *Fenwick,* 17 Ves. 298; 3 Kent's Com., 5th ed., 27.)

*McAllister & Bergin,* for Respondent.

The plaintiff, by his pleadings having based his right to an accounting upon an alleged partnership, is not entitled to such relief upon proof of a mere tenancy in common. (*Murdock* v. *Clarke,* 59 Cal. 693; *Weill* v. *Posten,* 77 Mo. 287; *Ely* v. *St. Louis etc. R. R. Co.,* 72 Mo. 416; *Kuhn* v. *Weill,* 73 Mo. 216; *Bolleen* v. *Smith,* 73 Mo. 162; *Price* v. *St. Louis etc. R. R. Co.,* 72 Mo. 416; *Eden* v. *H. & St. J. R. R. Co.,* 72 Mo. 213; *Truesdell* v. *Sarles,* 104 N. Y. 167; *Mondran* v. *Goux,* 51 Cal. 153.)

McKINSTRY, J.—The notice of appeal was served January 12, 1885, and filed on the 13th of the same month. The certificate of the clerk shows that the undertaking on appeal was filed on the sixteenth day of January, 1885. The motion to dismiss the appeal must be denied.

If the facts found in the action, *Odd Fellows' Bank* v. *Noonan et al.,* to the effect that the right, title, and interest of the estate of Armstrong, deceased, in the leasehold and its appurtenances were purchased from the administratrix, in the name of Matthew Nunan, but really by the plaintiff herein,—who paid the whole purchase price therefor,—for his sole use and benefit (and the decree thereupon), determined any fact which tended to establish a partnership between the parties hereto, the ruling of the court herein, excluding the judgment roll in that action, did not injure the appellant,—because the court below found the same facts in the present action.

The court found all the facts in this action which the judgment roll would have proved, so far as they are relevant to any issue herein.

In the complaint in this action it is alleged "that it was agreed and understood by and between him, this plaintiff, and this defendant, that if he, the said Thomas Noonan, would buy the said interest (of Armstrong's estate), he and the said Matthew Nunan would thenceforward be partners in the said business, and would conduct the same as such, in the same manner as the said Armstrong and the said defendant had done," etc.

The court below found this averment not to be true, and there was a substantial conflict, at least, in the evidence bearing on the issue made by it, and the denial thereof.

If it be assumed that there was a sale and conveyance of the interest of deceased in the leasehold which placed the legal title in an undivided one half thereof in Matthew Nunan in trust for Thomas Noonan, the latter would perhaps be entitled (upon proper averments) to a decree directing a conveyance of said undivided one half of the legal title to him, unless it appeared from the facts alleged, and proved by the defendant, that there were debts due from the former partnership, or from Armstrong to the former partnership, which rendered it necessary and proper that the leasehold should be sold, and its proceeds applied to the liquidation of such debts. But the leasehold and appurtenances were assets of the late partnership between defendant and Armstrong which was dissolved by the death of the latter.

It was the duty and right of the surviving partner to settle the affairs of such partnership, and the purchase by the plaintiff was of course subject to the application of the assets to the satisfaction of the creditors of the former partnership and of the balance of advances, if any, made by defendant to the partnership during its existence. In equity it was a purchase of the *residuum,* if any there should be. Subject to a settlement of the partnership affairs, plaintiff became in equity tenant in common with the defendant in the property of the late

firm.   But-the mere purchase of the interest of the estate in such property did not create a new partnership be-tween the parties hereto.

It is insisted, however, that, conceding there was no conventional partnership, the subsequent use by defend-ant in his business of the property of which he and the plaintiff were owners as tenants in common charged the defendant with a trust, and with the duty of accounting to the plaintiff for profits derived from such use.

It .was held in *Heinlen* v. *Martin,* 53 Cal. 321, that where the defendant had the mere legal title to the land and the plaintiff was entitled to the use thereof, and the de-fendant had excluded the plaintiff therefrom, and the suit was brought for a conveyance of the legal title, equity and justice demanded that (in analogy to the relief granted at law) the plaintiff should recover the "rental value" of the land from the time he demanded a deed, which in that case was the commencement of the suit. In the case at bar no demand was made for a conveyance of the plaintiff's alleged portion of the leasehold.   On the contrary, the averments are, that the leasehold constitutes part of the partnership assets.   In *Quackenbush* v. *Saw-. yer,* 54 Cal. 439, there was a specific agreement between the parties—substantially alleged and proved—that the defendant should account for moneys received from a third person for the benefit of himself and the plaintiff. And the court there held that the mere joint ownership of property does not constitute a partnership.   *Stokes* v. *Stevens,* 40 Cal. 391, was an action of replevin.   The cases cited by appellant from 16 and 17 Vesey, Jr., only redecide the established rules that parntership for an indefinite period may be dissolved by either partner at any time, and that, when there is a partnership, with-out any stipulation as to proportions, the partners are entitled to equal moieties.   (*Peacock* v. *Peacock,* 16 Ves. 49; *Featherstonhaugh* v. *Fenwick,* 17 Ves. 298.

No facts are alleged in the complaint herein from

which would arise an implied or constructive trust with respect to the real property employed in the defendant's business. It is averred, on the contrary, that it was so used by him in accordance with an agreement that it should constitute assets of a partnership.

If it be conceded that a trust may arise sometimes from the fact that property owned by a plaintiff and defendant, as tenants in common, has been profitably used by the defendant, and that, in such case, the latter may be held to an account, the complaint is not drawn upon that theory, nor are facts alleged which justify a decree appropriate to such a supposed case.

It is a cardinal rule in equity pleading that the *allegata* and *probata* must agree. (*Greene* v. *Covillaud,* 10 Cal. 332; *Murdock* v. *Clarke,* 59 Cal. 693.) A party cannot be allowed to claim relief inconsistent with his pleading. (*Weil* v. *Porter,* 77 Mo. 287; *Gregory* v. *Nelson,* 41 Cal. 278; *Cummings* v. *Cummings,* 75 Cal. 434; *Carpentier* v. *Brenham,* 50 Cal. 549; *Burnett* v. *Stearns,* 33 Cal. 468.) The averment of the complaint is, that the leasehold and the appurtenances constitute the capital of the partnership formed by the plaintiff and defendant, and any accounting based on a finding of the fact of such partnership ownership must be upon different principles from an accounting based on the mere use of plaintiff's property by defendant. The purpose of the present action is to obtain a decree declaring a copartnership, decreeing its dissolution, and an account as incident to and consequent upon such dissolution. The court found there was no partnership. Its existence or non-existence was the main issue joined. There was no question presented by the pleadings in regard to a co-tenancy of those not partners, or in respect to the liability of co-tenants as such.

As the appellant neither asked for the judgment which it is now claimed should have been entered in the court below, nor alleged facts upon which such a judgment

could properly have been entered, he cannot here demand a reversal of the judgment which responded to the issues actually made and submitted to the trial court.

Judgment and order affirmed.

SEARLS, C. J., and PATERSON, J., concurred.

Hearing in Bank denied.