[No. 715.   September 24, 1898.]

F. L. PEARCE, Plaintiff in Error, v. W. S. STRICKLER, Defendant in Error.

SYLLABUS BY THE COURT.

PARTNERSHIP.—CREATION—JOINT ADVENTURES—JOINT PAYERS OF NOTE— PROMISSORY NOTES—ACTION—EVIDENCE—TRIAL—JUDGMENT—ERROR —REVERSAL—HARMLESS ERROR.—1.   Where A. B. and C. D. agree to sell shares of stock owned by them individually and deposit the proceeds thereof in a bank in the name of both, jointly, a partnership is not thereby created between them.

2. A promissory note drawn to two persons in their individual names establishes a joint ownership, and not a partnership between the parties to whom the note is given.

3. It is not error to refuse a second instruction upon a point fairly submitted to the jury by instructions given.

4. In a suit brought by A. B. on a note given to A. B. and C. D. and indorsed in blank by C. D. before suit is brought, an ex parte statement of C. D. concerning the execution of the note is not admissible in evidence.

5. Where substantial justice has been accomplished between the parties in the court below, the judgment will not be reversed by this court.

*Error*, from a judgment for plaintiff, to the Second Judicial District Court, Bernalillo County.   Affirmed.

The facts are stated in the opinion of the court.

WARREN, FERGUSSON & GILLETT for plaintiff in error.

Plaintiff having alleged title by transfer to him from Tiffany could not recover upon the notes as sole holder and owner, or as survivor of Tiffany.  Dicey on Parties to Actions, 149, rule 115; 1 Chitt. Pl. 8, 19, 305, 307; Vinal v. Oil & Oil Land Co., 110 U. S. 215; Powder Co. v. Hudson River O. & I. Co., 28 N. Y. Sup. 34; Cushing v Marston, 12 Cush. 431; Fish v. Gates, 133 Mass. 441; Holliday v. Doggett, 6 Pick. 359; Page v. Wolcott, 15 Gray, 536; Dunker v. Schlotfield, 49 Ill. App. 652; Seeley v. Schenck, 2 N. J. Law, 71; Reed v. Railroad Co., 105 Mass. 303; Chouteau v. Raitt, 20 Ohio, 132; George on Part. 263.

Whether Tiffany and Strickler were partners in these transactions, was a question of fact for the jury, and the court erred in deciding it as a matter of law.   Thompson v. Bank, 111 U. S. 529; Oppenheimer v. Clemmons, 18 Fed. Rep. 886; Kingsburg v. Tharp, 61 Mich. 216 (28 N. W. Rep. 74); Boor v. Lowrey, 103 Ind. 468 (3 N. E. Rep. 151); Bank v. Underhill, 102 N. Y. 336 (7 N. E. Rep. 393); Waggoner v. Bank, 43 Neb. 84 (61 N. W. Rep. 112); Fickett v. Swift, 41 Me. 65; Halen v. Insurance Co., 50 Ill. 456.

The court erred both in excluding the evidence as to Tiffany's acts, agreements and admissions in regard to the notes and stock in question, and in the instructions given. Story on Part., secs, 114, 115, 252, 107, 323, 324; Bate. on Part., secs. 331, 383, 1135; 1 Wait, Act. and Def. 78; Lindley on Part. 124; George on Part. 215; Underh. on Ev., sec. 67; Western, etc., Co. v. Walker, 65 Am. Dec. 789; U. S. Bank v. Binney, 5 Mason, 187; Collett v. Smith, 143 Mass. 473; McKee v. Hamilton, 33 Ohio St. 7; Vanleck v. McCabe, 9 N. W. Rep. 872; Water on Set-off, sec. 118; Burrell on Assign. 483.

The court erred in excluding all evidence of matter of defense against the notes, and restricting defendant to set-off. Burgan v. Lyell, 2 Mich. 102; Fletcher v. Ingram, 50 N. W. Rep. 824; Edwards v. Tracy, 62 Pa. St. 372; Sage v. Sherman, 2 N. Y. 417; Blodgett v. Weed, 119 Mass. 215; Pohlman v. Taylor, 75 Ill. 629.

CHILDERS & DODSON for defendant in error.

All actions relating to partnership affairs must be brought by the surviving partner. He is the real party in interest. 17 Am. and Eng. Ency. of Law, 1172, 1173, and citations.

On the death of one of the joint payees of a promissory note, the remedies for collection survive to those living, who may receive payment and sue at law or in equity without uniting the personal representative of the deceased joint payee. 2 Danl. on Neg. Inst., sec. 1183, note A.

A contract may be subsequently waived by parol, but only then upon a new and valuable consideration and before breach. Emerson v. Slater, 22 How. 28; Greenlf. Ev., sec. 303. See, also, Burns v. Scott, 117 U. S. 582; Swan v. Seaman, 9 Wall. 254; Specht v. Howard, 16 Id. 565; Brown v. Spofford, 95 U. S. 474; Forsythe v. Kimball, 91 Id. 291; Par. on Part. 191; Story on Part., sec, 323; Hackley v. Patrick, 3 Johnson, 536.

McFIE, J.—This suit, brought by W. S. Strickler against F. L. Pearce in the district court of Bernalillo county upon two promissory notes for the sum of five hundred dollars each given by Pearce to J. C. Tiffany and W. S. Strickler, dated October 28, 1887, and due in three and six months, respectively.

On the back of each of these notes is the following indorsement:

"For collection,

"J. C. Tiffany,

"W. S. Strickler."

Strickler brought suit upon these notes in his own name June 26, 1894, more than six years after the notes were given.

On the fourteenth day of March, 1894, a plea of general issue was filed by the defendant.

February 5, 1895, or more than a year after suit was brought, defendant filed three pleas, first, general issue; second, set-off for $1,320, and third, want of consideration.

On the fourth day of February, 1896, one year after the above pleas were filed, and during the trial of the cause, the defendant filed an additional plea alleging substantially that the consideration of said notes was an agreement of J. C. Tiffany, with the defendant, that he (Tiffany), would within a reasonable time thereafter, sell fifty shares of train signal stock for the sum of $2,000, and would within a reasonable time pay defendant this amount; that said Tiffany did not pay his as agreed, and therefore the consideration of the notes has failed.

The case was submitted to a jury upon a plea of set-off, and the verdict was for the plaintiff Strickler for the amount of the notes and interest, and the case is now in this court on a writ of error sued out by the defendant Pearce.

To reverse the judgment of the court below the plaintiff in error assigns numerous errors, the first of which is that "the court erred in admitting the notes sued on in evidence, against the objection of the defendant below."

This assignment of error is not founded on fact, as the record shows no objection to the introduction of the notes in evidence. As no objection was made at the time the notes were offered in evidence, such objection will not be considered here. This objection, if made, would have been unavailing as the declaration contained the general counts upon the notes, and the notes were admissible under them. 124 U. S. 510.

The third error assigned is that the court erred in refusing to permit the defendant below to cross examine the plaintiff when he was on the stand as a witness for himself.

The witness Strickler was placed on the stand, after the notes had been admitted in evidence, for the sole purpose of computing and stating the amount due on the notes sued on, and this was all he testified.

The defendant sought to cross-examine as to the indorsement on the back of the notes and Strickler's ownership of the notes. Objection was sustained to this as not proper examination, and we see no error in this ruling, as the testimony sought to be elicited did not relate in any way to the amount due on the notes.

The second, fourth and fifth assignments relate to the admission and exclusion of evidence, without in any way indicating the evidence held to be improperly admitted or rejected, nor does the motion for a new trial point out such evidence.

It is not incumbent upon this court, therefore, to search the entire record for such evidence as the counsel might have had in mind.

Such assignment indicates the hope of counsel that the court may by its examination discover some errors as to the admission or rejection of evidence upon which a reversal might be had, rather than that error has actually occurred, and that counsel has discovered and relies upon it.

The sixth assignment of error also relates to the exclusion of evidence, but it is corrected in form as it specifically states the evidence held to have been improperly excluded.

To sustain his pleas of want and failure of the considera-
tion of the notes sued on the defendant offered the following
paper in evidence:

"Office of J. C. Tiffany
"Deming, N. M., July 12th, 1889.

"W. S. Strickler, Esqr., Albuquerque, N. M.

"Dear Sir: When I sold Mr. F. L. Pearce train signal
stock, it was a conditional sale, and I have been unable to
fulfill the promised conditions he (Pearce) is entitled to his
notes of One Thousand Dollars, given at the time, upon sur-
render by him of fifty shares of said stock. Also please de-
liver to him (90) Ninety shares of train signal stock, this
being the balance I agreed to turn over to him as collateral on
my indebtedness to him.          Yours truly,

"Witnesses          J. C. Tiffany.

"C. G. Cruickshank, M. D.

"J. H. Nelson."

To the admission of this paper in evidence the plaintiff
below objected, upon the ground that it was an attempt to
vary the terms of a written contract, that it
was without consideration, incompetent, etc.
The court sustained the objection and excluded
the exhibit, to which ruling the defendant excepted, and now
assigns as error.

PARTNERSHIP:
creation; joint
adventures:
harmless error.

This assignment involves the vital point in this case, as
the record represents it, and our decision upon it practically
disposes of the case. The record shows that on the same day
the notes sued on were executed and delivered to J. C. Tiffany
and W. S. Strickler, sixty shares of the De Mier Train Signal
stock, owned by Tiffany and Strickler individually, each own-
ing one-half of the shares, was issued to and in the name of
the defendant Pearce, was delivered to him and that he still
held the same at the time of the trial below.

These shares of stock were undoubtedly, the considera-
tion for the notes, and the third plea admits this.

The paper signed by Tiffany is offered in evidence on
the theory of the defense that Tiffany and Strickler were

partners, and that the action of Tiffany in signing this paper was binding upon Strickler, and therefore should have been admitted in evidence.

The case seems to have been tried below on the theory that a partnership had existed between Tiffany and Strickler, although there is nothing in the pleadings disclosing such issue.

There was a reference to it in the evidence and the court submitted the matter of partnership to the jury as to the plea of set-off.

From the record now before us, we are of the opinion that the court below erred in trying the case on the theory that a general partnership had existed between Tiffany and Strickler, but inasmuch as trying the case on that theory was beneficial to the defendant, he can not complain, and the error is therefore immaterial.

The notes sued on are not drawn to Tiffany and Strickler as partners, but they are drawn to J. C. Tiffany and W. S. Strickler as joint payees or owners, which is a very different thing. "A mere joint ownership or community of interest in property does not constitute a partnership, even though the income from it is divided." Am. and Eng. Ency. Law, p. 859; Quackenbush v. Sawyer, 54 Cal. 439; Donnan v. Cross. 3 Ill. App. 409; Haws v. Tillinglast, 1 Gray 289; Bocklen v. Hardenburg, 37 N. Y. Supe. Ct. 110; Auten v. Ellingsood, 51 Howard's Pr. 359; Schaffer v. Fowler, 111 Pa. St. 450; Brady v. Calhoun, 1 Pa. 140.

In Wells v. Babcock, 56 Mich. 276, it was held that "A series of independent transactions wherein one finds money and buys lands selected by another, profits being divided when lands are sold again, does not make the parties partners."

"An agreement between A. and B. that A. will buy an undivided interest of B.'s lands and divide it into lots and sell it, sharing profits and dividing the unsold lots does not constitute a partnership in the absence of a contract of partner-

*Margin note: PROMISSORY note: joint payees of note.*

ship." Munson v. Sears, 12 Iowa, 172; Sears v. Munson 23 Iowa, 380.

It has also been held that copartnership of a patent, or copyright or other personal property does not constitute partnership, but even in such cases, where a contract of partnership is shown or admitted it would control and establish the relation.

There is no agreement for a partnership between Tiffany and Strickler shown in this case, and Strickler denies that a partnership existed. It is true that the defendant Pearce testified that Tiffany and Strickler were partners, but his testimony is rather vague and uncertain and can not be heard to dispute the evidence of the notes themselves, nor vary their terms.

Mr. Pearce testifies that Mr. Beattie was the agent of Mr. Strickler from the mere fact that Mr. Beattie acted as cashier of a bank in the absence of Mr. Strickler who was the cashier. He also testifies as to his claim of set-off that he gave Tiffany and Strickler money at different times, but when the checks were examined it was found that they were given to Mr. Tiffany individually, and on cross-examination admits that Strickler had nothing to do with the matter, that the money was given to Mr. Tiffany himself, that he had been giving Mr. Tiffany money for years and expected to lose some of it. Testimony of Mr. Pearce on this point seems to be his opinion merely, and if the oral evidence was relied upon to establish a partnership, it would be very unsatisfactory indeed.

But the oral evidence of Mr. Pearce on this point is of no value as against the notes which he signed and which were given in the individual names of J. C. Tiffany and W. S. Strickler.

Furthermore, on the back of the notes is an indorsement, which is also signed by J. C. Tiffany and W. S. Strickler as joint owners.

The record shows that J. C. Tiffany was president and W. S. Strickler was secretary and treasurer of the De Mier Electric Train Signal Company and that each of them owned,

individually, a large number of shares of the stock of the company. That the headquarters of the company was in the bank of which Mr. Strickler was cashier. That Mr. Tiffany and Mr. Strickler desired to sell some of their stock, and agreed that when a purchaser could be found each would furnish an equal number of his shares and the proceeds should be put in the bank. Some sales were made and an account was opened as to the proceeds thereof in the names of Tiffany and Strickler, each of the parties having an individual account in the bank at the same time. Of the sixty shares of the stock issued on the books of the company to Mr. Pearce one-half was furnished by Tiffany and the other half by Strickler from their individual shares. On the day the stock was issued to Pearce and the notes were given therefor, Pearce gave Tiffany a check for $1,000 but he says this was not intended for the stock, but was an advance or loan as Tiffany was going to New York to advance the interests of the company and needed money for his expenses.

The defendant gave Tiffany other sums of money at different times, and now seeks to recover them under his plea of set-off. This whole transaction, as shown by the evidence, negatives the partnership theory, with the exception of the opening of an account in the name of Tiffany and Strickler for the proceeds of sales of stock owned by them individually. This of itself, however, is not such a holding out as would establish a partnership, nor is there any evidence that Tiffany and Strickler held themselves out as partners in any other way, not that the defendant or any one other than themselves, knew of the opening of this joint account, and this transaction under the circumstances of this case, shows nothing more than a method adopted to keep these joint transactions separate from the affairs included in their individual accounts.

The notes sued on are drawn precisely as notes might be drawn for a legal service where two lawyers have been retained and in that case, the partners could not be made partners but simply joint owners of the note.

On the trial below  the court submitted to the jury the question whether a partnership existed or not, and the jury practically determined that no partnership existed, when they returned a verdict against the defendant on the plea of set-off.

The defendant in his plea of set-off, alleged that the money advanced by him, was given to Tiffany and Strickler as partners, and he could not recover on this plea unless the partnership existed as the checks were drawn to Tiffany alone.

The court gave the following instructions upon the partnership issue:

"The defense set up here by the defendant is that he does not owe the plaintiff the said sum because at the time the said notes were given the plaintiff was a member of a copartnership between the plaintiff and one J. C. Tiffany, and the said copartnership were at the time indebted to defendant for moneys loaned to said copartnership by the defendant in an amount which should be set off against the said notes.

"The court therefore instructs you that if you believe it has been shown by a preponderance of the evidence that notwithstanding the giving of said notes the defendant advanced and loaned to and for the joint account of J. C. Tiffany and W. S. Strickler the sum of $1,320 or a less sum, you should find for the defendant as to such sum and deduct the same from the amount of $1,947.

"If you should not believe  that any money was loaned or advanced by the defendant to the joint account of Tiffany and Strickler, but to Tiffany alone, then  you should find for the plaintiff in the sum of $1,947."

Thus the partnership issue was plainly submitted to the jury and they decided against the defendant Pearce on that issue; therefore, if the court had admitted the statement of Tiffany instead of excluding it the defendant would not have been in any better position, as he would still have lost on the partnership issue  upon which his defense was founded.   This court will not disturb the finding of the jury upon that issue, as it was within the province of the jury to so find and the court coincides with the jury that there was no partnership.

The paper offered was merely an ex parte statement of Tiffany not made in the presence of Strickler nor with his knowledge or consent; it was in no way binding upon Strickler, nor could it be admitted to vary the terms of the notes which had been executed and delivered nearly two years prior thereto.   Burns v. Scott, 117 U. S. 582; Bank of Union Town v. Spackey, 140 U. S. 220.

EVIDENCE: ex parte statement.

` At the time this statement was made by Tiffany he had disposed of his interest in the note by indorsing it in a manner which authorized the holder to sue upon it in his own name.

"If a person who indorses a bill to another, whether for value or for the purpose of collection, comes again to the possession thereof, he is to be regarded, unless the contrary appears in evidence, as a bona fide holder and proprietor of the bill, and shall be entitled to recover thereof." Dugan v. United States, 3 Wheat. 183.

"The special indorsement for collection may be stricken out and is considered as stricken out for the purpose of this suit." Badger v. Caldwell, 6 Cowen, 450, and note; Bank of Utica v. Smith, 18 Jones, 230, and note.

It is not competent for the defendant to deny that the plaintiff is the owner and holder of a note upon which he brings suit as such, without reversing the signature, the indorsement or the delivery of the note." 1 Daniel Neg. Ins., sec. 813; Way v. Richardson 3rd 412.

There is no date to the indorsement on the note but the evidence shows that the paper was written by Pearce and signed by Tiffany when he was on his deathbed at Deming, July 12, 1889, and that Tiffany died three days later. Tiffany had no opportunity to make the indorsement on the notes after he signed the paper, as they were in the bank at Albuquerque and he never saw them; consequently the indorsement must have been made before he signed that statement. He had no right or power to destroy or release these notes in the hands of the legal holder, besides as a release, this paper was without a consideration and valueless.

The paper was inadmissible as evidence against Strickler, for various reasons, and was properly excluded by the court, therefore, the sixth assignment of error can not be sustained.

The seventh assignment of error is practically overruled for the reasons above stated. In this assignment, the error claimed is that the court erred in not submitting to the jury the question of want of failure of consideration. The paper signed by Tiffany and above referred to, was relied upon by the defense to prove want or failure of consideration, the statement of Tiffany being binding upon Strickler as his partner; but as the court below properly excluded this paper there was no evidence upon which to submit it to the jury and inquiry as to want or failure of consideration and therefore no error was committed.

The last three assignments of error relate to the giving and refusing of instructions to the jury and for failure to fully instruct the jury. One of the instructions requested by the defendant and which the court refused to give is to the effect that if the jury believed that the defendant, Pearce, advanced money on the joint account of Tiffany and Strickler they should find for the defendant, etc.

INSTRUCTIONS.

This matter was fully covered by the charge of the court above referred to, and it is not error to refuse a second instruction upon a point fully and fairly submitted to the jury by the charge of the court.

The other refused instruction was to the effect that unless the jury believed that Tiffany during his lifetime had transferred all his interest in the notes to Strickler, that Strickler could not maintain the suit and they should find for the defendant. That J. C. Tiffany signed his name on the back of the notes, is not questioned by plea or testimony. This being established by the notes, the right of the legal holder to sue in his own name follows as a matter of law.

This instruction was not a proper one in this case as there was no evidence justifying it, and was properly refused.

The charge of the court fairly presented to the consideration of the jury all of the questions of fact covered by the evidence, and the error assigned, that the court failed to fully instruct the jury, is not sustained.

Upon the whole case, we are convinced that substantial justice was done upon the trial in the court below. The piecemeal manner in which the defense was set up, TRIAL: judgment: the defendant relying for a year upon a plea of reversal. want of consideration, which admitted that the stock purchased was the consideration for the notes, and upon the trial a year later, filing and relying upon a plea alleging that the consideration was a promise made by Tiffany to pay the defendant $2,000 (double the amount he gave his note for) as soon as he could go to New York and sell the stock, seems so inconsistent and unreasonable, that we are not favorably impressed with the defense.

The real facts seem to be that the defendant purchased this stock at what was estimated to be about half its value, and gave his notes for two-thirds the amount, Tiffany settling a debt he owed Pearce with the other one-third of the purchase price. Tiffany proposed to go to New York to have the invention adopted by the railroads so as to enhance the value of the stock, and sell some of it. The defendant loaned Tiffany $1,000 individually or as president and manager of the company to defray the expenses of the trip. Tiffany's trip proved a failure, and the stock venture was not a success, and therefore the defendant sought to avoid payment of the notes, and in doing this, several years after he gave the notes, he sets up statements made by Tiffany in private conversation, long after the notes were executed, and having no reference to the consideration of them, and of which Strickler knew nothing and was neither a party to nor bound by, as a part of the original transaction. The defendant admits that he and Tiffany had been friends for years, having many joint business transactions in connection with which defendant had loaned Tiffany several thousand dollars and thus the individual transaction of

Tiffany and Pearce had become confused in the defendant's memory and he is unable to distinguish between them in his testimony.

The record in our opinion, fully justifies this view of the facts, and in this view of the case, substantial justice was done between the parties in the court below, and this court will not reverse a judgment where substantial justice has been done.

The judgment of the court below is affirmed with costs.

Mills, C. J., Crumpacker, Parker and Leland, JJ., concur.

SYLLABUS BY THE COURT.