[Civ. No. 980.    Second Appellate District.—July 21, 1911.]

# EARL R. OSBORN, Respondent, v. LOUISE M. HAMILTON et al., Defendants; M. M. FETTE, Defendant-Appellant.

ACTION ON NOTE—ANSWER—DENIALS—WANT OF CONSIDERATION—FRAUD —APPEAL—SUPPORT OF FINDINGS.—In an action upon a note, upon which defendant appealing was an apparent comaker, whose answer denied the delivery of the note to plaintiff or that he was its holder, or that it was unpaid, and pleaded want of consideration therefor, and that defendant's signature was procured by fraud of the other parties set forth, it is held upon such defendant's appeal that the court, as to all of the issues joined by the complaint and the appellant's answer, made finding in favor of plaintiff, upon ample evidence in support thereof.

ID.—PRODUCTION OF NOTE AT TRIAL—PRIMA FACIE SUPPORT OF FINDINGS.—The production of the note at the trial was *prima facie* evidence of the facts found.

ID.—IMMATERIAL FINDING OUTSIDE ISSUES—ESCROW—SECURITY FOR NOTE—TERMS NOT FOUND.—Where the court found a fact not pleaded nor made an issue by consent of the parties that a deed to certain real estate was delivered to a third party in escrow to secure the payment of the note, which deed prior to the suit was returned to and accepted by defendants, without finding the terms of the escrow, such security, for aught that appears, may have been exhausted by such return; but such finding, being wholly outside of the issues, is immaterial, and has no place in the record.

ID.—CLAIM OF SURETYSHIP BY APPELLANT—FACTS NOT PLEADED OR PROVED.—Where the defendant appealing claims that, notwithstanding his apparent character as a principal maker of the note, he was in fact a surety for the other comakers, it is a sufficient answer to such claim that it is not alleged nor proved that he acted in any other character than as one of the makers of the note.

ID.—DEFENSE OF SURETYSHIP—ESSENTIAL FACTS TO BE PLEADED.—A joint maker of a note, in order to defend on the ground that he is merely a surety for his comaker, must not only plead such fact, but must further allege that the payee knew of the fact, and consented to deal with him in that capacity.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Frank F. Oster, Judge presiding.

The facts are stated in the opinion of the court.

R. W. Richardson, and Dian R. Gardner, for Appellant.

Clair S. Tappan, for Respondent.

SHAW, J.—Action to recover upon a promissory note. Judgment went for plaintiff, from which, and an order denying her motion for a new trial, defendant Fette appeals.

The note, dated June 14, 1907, payable to plaintiff ninety days after date, signed by each of the defendants as principal, was set out *in haec verba* in the complaint. The appellant Fette filed a separate answer admitting the making and execution of the note as alleged in the complaint, but denied that it was delivered to plaintiff, or that he was the legal holder thereof, or that any sum remained due and unpaid thereon. As a separate defense, appellant alleged that the note was given without consideration, and that her signature thereto was obtained by means of a fraudulent conspiracy entered into between her codefendants and the plaintiff for the purpose of defrauding her and sharing the proceeds derived from such fraudulent conspiracy.

As to all the issues joined by the complaint and answer of appellant, the court, upon ample evidence in support thereof, made findings in favor of plaintiff.

While the fact was not pleaded by way of defense and not made an issue in the case by consent of parties, the court, nevertheless, found that a deed to certain real estate was delivered to a third party in escrow for the purpose of securing payment of the note, which deed, prior to the commencement of the suit, was returned to and accepted by defendants. The terms of the escrow are not disclosed by the record, and hence, from all that appears to the contrary, such security may have been exhausted by a return of the deed pursuant to the terms of the agreement under which it was placed in escrow. Moreover, the finding is immaterial, and has no place in the record, for the reason that no issue to which it is responsive appears therein. Appellant did not base her defense upon the fact that the alleged indebtedness was secured by a mortgage or otherwise. "As the appellant neither asked for the judgment which it is now claimed should have been entered in the court below, nor alleged facts upon which such a judgment could properly have been entered, he cannot here demand a

reversal of the judgment which responded to the issues actually made and submitted to the trial court." (*Noonan* v. *Nunan,* 76 Cal. 49, [18 Pac. 100].)

Counsel contends that, notwithstanding the apparent char-' acter of appellant as principal and maker of the note, she was in fact a surety for her comakers. Conceding the fact, it is not alleged nor claimed that appellant acted upon other than her apparent character as one of the makers of the note. (Civ. Code, sec. 2832.) A joint maker of a note, in order to defend on the ground that he is merely a surety for his co-maker, must not only plead such fact, but further allege that the payee knew of the fact and consented to deal with him in that capacity. (*Farmers' Nat. Gold Bank* v. *Stover,* 60 Cal. 387; *Bostwick* v. *McEvoy,* 62 Cal. 496.) No issue was tendered involving the question; neither is there evidence in the record supporting appellant's contention.

It is next claimed the evidence is insufficient to support the finding that defendants made and delivered the note to plaintiff, and that he was the owner and holder thereof. The production of the note at the trial in the hands of plaintiff was *prima facie* evidence of the facts found, in addition to which plaintiff testified in direct terms that the note was delivered to him two or three weeks after its date.

The appeal is wholly without merit, and the judgment and order are affirmed.

Allen, P. J., and James, J., concurred.