In re LEECH.

SHERRILL v. LEECH et al.

(Circuit Court of Appeals, Sixth Circuit. July 19, 1909.)

No. 1,915.

1. BANKRUPTCY (§ 159*)—"UNLAWFUL PREFERENCE"—ELEMENTS.

In order to establish an unlawful preference under Bankr. Act July 1, 1898, c. 541, § 60. cls. "a." "b," 30 Stat. 562 (U. S. Comp. St. 1901, p. 3445), voiding the same, it must be alleged and proved that at the time of the transfer the transferror was insolvent, that the property transferred was such as his creditors had a right to subject to their claims, that he intended a preference, and that the transferee had reasonable cause to believe the transferror so intended.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 247–281; Dec. Dig. § 159.*]

2. BANKRUPTCY (§ 302*)—PREFERENCE—TRANSFERS.

A trustee's petition, alleging that the bankrupt had within four months before the filing of the petition for adjudication transferred to his wife, as part payment of an indebtedness, two jeweled rings, intending an unlawful preference, was insufficient.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 456; Dec. Dig. § 302.*]

3. BANKRUPTCY (§ 302*)—PREFERENCE—FRAUD—PLEADINGS.

Allegation in a petition by a bankrupt's trustee that a preference sought to be set aside was fraudulent, without any facts showing fraud other than that the transfer constituted a preference, was insufficient.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 456; Dec. Dig. § 302.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes,

**4. BANKRUPTCY (§ 305*)—PREFERENCE—VACATION—FINDINGS—JUDGMENT.**

Where, in a suit to set aside an alleged fraudulent preference, the referee found that the property was transferred, not with a fraudulent intent, but to prefer the transferee over the bankrupt's other creditors, but failed to find that the bankrupt was then insolvent, or that the creditor preferred had reasonable cause to believe that it was intended to give a preference, the findings were insufficient to sustain a judgment setting aside the transfer.

[Ed. Note.—For other causes, see Bankruptcy, Dec. Dig. § 305.*]

**5. BANKRUPTCY (§ 228*)—REFEREE'S DECISION—REVIEW BY DISTRICT JUDGE.**

On certificate of a referee in a proceeding to set aside an alleged fraudulent preference, the District Judge, if the petition is sufficient, may take new evidence offered, or he may examine the evidence reported by the referee and determine the facts anew.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 228.*]

**6. BANKRUPTCY (§ 306*)—APPEAL—REVIEW OF EVIDENCE.**

On appeal from an order overruling the determination of a referee in bankruptcy on a petition to set aside an alleged fraudulent preference, the Circuit Court of Appeals may review the evidence, but not so if the proceeding is brought up on a petition to review, on which the court's jurisdiction is limited to the determination of questions of law.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 306.*]

**7. EXEMPTIONS (§ 40*)—"WEARING APPAREL."**

Whether jeweled rings were exempt as "wearing apparel," under Ky. St. 1909, § 1697 (Russell's St. § 4656), depends largely on whether they were acquired and used as ornamental apparel, or as an investment of value as a matter of business.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. § 45; Dec. Dig. § 40.*

For other definitions, see Words and Phrases, vol. 8, pp. 7425, 7426, 7834.]

Petition to Review an Order of the District Court of the United States for the Western District of Kentucky.

For opinion below, see 171 Fed. 591.

J. D. Mocquot, for petitioner.

J. C. Flournoy, for respondent.

Before LURTON, SEVERENS, and WARRINGTON, Circuit Judges.

SEVERENS, Circuit Judge. The trustee, Sherrill, prays for the revision of an order made by the District Court dismissing a petition which he filed in the bankruptcy proceeding to compel the bankrupt, Leech, to deliver to him, the trustee, two diamond rings, alleged to belong to, and then in possession of, the bankrupt, and claimed by the trustee to be part of the estate. The claim of the trustee was, as stated in his petition, that the bankrupt had, within four months prior to the date of filing the petition on which he was adjudged bankrupt—

"fraudulently transferred to his wife, Agnes Leech, as a credit on a preexisting indebtedness then owing by him to her, two rings, containing two diamonds and one sapphire gem each, of the value of $2,000. That the said pretended transfer and conveyance was a fraudulent preference, and was intended by the bankrupt to be a fraudulent preference, in favor of said Agnes Leech."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

And the petitioner prayed for a rule requiring the bankrupt to turn over the rings to him, the trustee. To this petition the bankrupt responded—

"denying each of the allegations therein, and averring that the rings in controversy were transferred and delivered to said Agnes Leech for a valuable consideration, that they were delivered to her and retained by her for several weeks, and that she left on a trip to be gone until the 15th day of September, 1908, and at that time requested the bankrupt to keep the rings for her until her return, and that in this way the rings are in his possession, and he is holding them simply as bailee for her; denies the rings are his property, and avers that they were sold and delivered to said Agnes Leech, in good faith and for valuable consideration, long prior to the time that he filed his petition in bankruptcy, and before he had any idea of becoming a bankrupt."

Upon hearing the evidence the referee found as follows:

"That the rings in controversy, which were transferred by Thomas C. Leech to his wife, Agnes Leech, were transferred by him to her, not with a fraudulent intent, but with the intent and for the purpose of preferring her to his other creditors; that the title to said property never passed from said Thomas C. Leech to Mrs. Agnes Leech, and at the time of his bankruptcy were the property of said Thomas Leech, and by his said bankruptcy became and are now the property of said H. V. Sherrill, as trustee of said bankrupt's estate, and they are so adjudged."

And upon this finding, the referee—

"ordered that said Thomas C. Leech do now turn over and deliver to said trustee both of said rings."

Mrs. Leech thereupon filed a petition for revision of the order of the referee by the District Judge. The referee certified the proceedings, stating the proceedings before him, including the substance of the evidence, his finding, and his order. In his report it was also stated that the rings had been appraised by experts agreed upon by counsel at the sum of $400 and $250, respectively. The judge reversed the order of the referee and—

"further ordered, adjudged, and decreed that the referee be and he is directed to dismiss the petition of the trustee, H. V. Sherrill, filed herein on August 22, 1908, praying for an order to require the bankrupt to surrender the said two rings."

The question here is whether the court below erred in reversing the order of the referee and directing the dismissal of the trustee's petition. It appears from the opinion of the District Judge that he first canvassed the question whether, without any finding by the referee that Mrs. Leech had reason for believing that her husband intended an unlawful preference, the order could be supported. But, waiving a decision of that question, he proceeded to consider whether, under the statute of Kentucky (Ky. St. 1909, § 1697 [Russell's St. § 4656]), concerning exemptions from execution, these rings were exempt, holding, as he did, that if they were so the husband might do what he would with them. Referring to decisions of other federal courts in states having similar exemption laws, he concluded that the rings were exempt as wearing apparel. His conclusion rested upon two propositions: First, that rings were wearing apparel; and, second, that, whereas the Kentucky statute had fixed limitations of value upon other kinds of property exempted, it affixed none in respect of wearing apparel.

We pass by for the present the consideration of this ground for the order made, because we are clear that upon other grounds his order was right. In order to establish that there was an unlawful preference, it must be alleged and proven that at the time of the transfer the party making it was insolvent, that the property transferred was such as his creditors had a right to have subjected to their claims, that he intended a preference, and that the transferee had reasonable cause to believe that the transferror had such an intention. Act July 1, 1898, c. 541, § 60, cls. "a," "b," 30 Stat. 562 (U. S. Comp. St. 1901, p. 3445). In respect to the matter of pleading in such a case, it may be admitted that the allegations need not be technical or formal; but, inasmuch as the proceeding is aimed at the determination of a substantial right, the essential facts on which a recovery is sought should be alleged. In this case the only one of the essential facts alleged in the trustee's petition was that the bankrupt had, within four months before the filing of the petition for adjudication, transferred to his wife as a part payment on an indebtedness to her the two rings, intending an unlawful preference. It is characterized as a fraudulent preference; but no fact is alleged making it fraudulent, other than it was so because of the giving a preference. It was not alleged that the bankrupt was insolvent at the time of the transfer, nor that the wife had any reason to believe that the payment was intended to give her a preference forbidden by law. As it was necessary to allege these facts, it was necessary to prove them. The burden was on the trustee.

Further, before an order can be made for the surrender of the property transferred, it must be found that not only was the transferror insolvent at the date of the transfer, but that the transferee had reasonable cause to believe that it was intended thereby to give a preference. Neither of these facts were found by the referee. Following the allegation of the petition, he found the one fact only, that the rings "were transferred by him to her, not with a fraudulent intent, but with the intent and for the purpose of preferring her to his other creditors." All the rest of his finding is a deduction from those premises. That the facts omitted are indispensable to a judgment such as the trustee was seeking has been held in previous decisions of this court. Lansing Boiler Works v. Ryerson, 128 Fed. 701, 63 C. C. A. 253; First National Bank v. Holt, 155 Fed. 100, 84 C. C. A. 16; In re Pfaffing (D. C.) 154 Fed. 523; Acme Food Co. v. Meier, 153 Fed. 74, 82 C. C. A. 208. And see, also, a recent decision of the Circuit Court of Appeals for the Fifth Circuit in Tumlin v. Bryan, 165 Fed. 166; Loveland on Bankruptcy (3d Ed.) §§ 194a, 194c.

No new testimony was taken when the matter was brought to the District Judge, and no new fact found. It was inevitable that the judge should have reversed the order of the referee, because of the entire absence of essential facts necessary to support it; and the order of the District Court must be affirmed. If there had been a sufficient petition, the judge might have taken new evidence, if it had been offered, or he might have examined the evidence reported by the referee and determine for himself what the facts were. If this were an appeal, we might ourselves review the evidence; but on a review of the proceedings, we are limited by the terms of the act to the determination

171 F.—40

of questions of law arising in the proceedings, and must accept the facts as found by the District Court.

The question whether the conclusion of the court on which it based its order, namely, that the rings were exempt property, was correct or not, would depend largely on facts not found by the judge nor by the referee, and we could not form an intelligent judgment whether the order was justified without knowing, for instance, the financial circumstances and the conditions of the man's life prior to his failure, and what was customary in respect to the wearing of such jewelry among his associates and friends; for we conceive that the turning point upon the provisions of the Kentucky statute would be whether these rings were acquired and used as ornamental apparel, or were acquired and kept as an investment of values, as a matter of business, rather than for the purpose of ornament. And in the present case, if there had been an issue upon the question of the transferror's solvency at the time of the transfer, or of reasonable cause to believe on the part of the transferee that the transfer was made with intent to create an unlawful preference, it would have devolved upon the referee, or the judge, to find the facts, so that the reviewing court might apply the law to the facts found by the court whose findings of fact are final. This case is not peculiar in this respect. We have on several occasions experienced the same difficulties.

Counsel who bring the case here should see that the case is properly made up, to the end that this court should have the basis for decision. The statute contains no provision upon this subject. We think it expedient to formulate a rule for the guidance of counsel and the District Courts in preparing cases for revision by this court, and shall undertake to do so.

Order affirmed, with costs.