HICKS CO., Limited, v. MOORE.

In re W. D. WHITE & SON.

(Circuit Court of Appeals, Fifth Circuit. December 10, 1919.)

No. 3392.

1. PLEADING &249(3)—AMENDMENT CHANGING EQUITABLE CAUSE TO LEGAL PERMISSIBLE.

Under Judicial Code, § 274a (Comp. St. § 1251a), a complainant in equity may amend his pleadings, although the effect is to make the suit one at law.

2. APPEAL AND ERROR &236(1)—MOTION TO HAVE CAUSE TRANSFERRED TO LAW SIDE AFTER AMENDMENT NECESSARY TO REVIEW.

A defendant cannot complain that the court proceeded with a cause in equity after an amendment by complainant which made it an action at law, where no motion was made to transfer to the law side, although defendant objected to the amendment.

3. BANKRUPTCY &303(3) — EVIDENCE OF INSOLVENCY AT TIME OF ALLEGED PREFERENCE INSUFFICIENT.

Evidence held insufficient to show that at the time of an alleged preferential transfer of property by bankrupts they were insolvent, as defined in section 1 of the Bankruptcy Act (Comp. St. § 9585).

Appeal from the District Court of the United States for the Western District of Louisiana; George W. Jack, Judge.

Suit by Russell P. Moore, trustee in bankruptcy of W. D. White & Son, against the Hicks Company, Limited. Decree for complainant, and defendant appeals. Reversed.

J. D. Wilkinson, of Shreveport, La. (Wilkinson & Lewis, of Shreveport, La., on the brief), for appellant.

J. S. Atkinson, of Shreveport, La., for appellee.

Before WALKER, Circuit Judge, and FOSTER and GRUBB, District Judges.

WALKER, Circuit Judge. The appellee, the trustee in bankruptcy of W. D. White & Son, brought suit on the equity side of the court to set aside a sale made, within four months prior to the filing of the petition in bankruptcy, by the bankrupts to the appellant, a creditor of the bankrupts, of six bales of cotton, on the ground that such sale was made with the intention to hinder, delay, and defraud creditors of the bankrupts. An amendment of the petition was allowed, which contained averments to the effect that at the time of the alleged sale the bankrupts were insolvent, that appellant then knew of such insolvency, that the transfer or sale alleged operated as a preference, and that appellant at that time had reasonable cause to believe that such transfer or the enforcement of it would operate to effect a preference in its favor, and the amendment contained a prayer that the cotton sold be ordered surrendered to the appellee. The appellant objected to the allowance of the amendment.

[1, 2] The amendment was allowable under section 274a of the Judicial Code (Act March 3, 1915, c. 90, 38 Stat. 956 [Comp. St. § 1251a]). The record does not show that the appellant sought to have the suit transferred to the law side of the court, pursuant to equity rule 22 (198 Fed. xxiv, 115 C. C. A. xxiv). So far as appears, after the allowance of the amendment, the appellant raised no objection to the suit being proceeded with before the court without a jury. Though the effect of the amendment was to make the suit one at law, the appellant cannot successfully complain here of action of the court in which apparently it acquiesced.

[3] The allegations of insolvency of the bankrupts when the sale or transfer in question was made were put in issue. We do not think that any evidence adduced supported those allegations. The most that the evidence showed as to the financial condition of the bankrupts at and prior to the time the transfer was made was that they were embarrassed, and were unable to meet their obligations when they matured. It did not show that the aggregate of their property, exclusive of any conveyed, transferred, concealed, or removed, or permitted to be concealed or removed, with intent to defraud, hinder, or delay their creditors, was not then, at a fair valuation, sufficient in amount to pay their debts. Bankruptcy Act July 1, 1898, c. 541, § 1 (Comp. St. § 9585). There was evidence tending to prove that within four months prior to the filing of the petition in bankruptcy the financial condition of the bankrupts, who bought considerable amounts of cotton within that period, was prejudicially affected by the fall in the market price of that commodity. It did not show that, at the time of the

transfer in question, the impairment of the financial condition of the bankrupts had gone so far as to make them insolvent within the definition of that term contained in the Bankruptcy Act. The attacked transfer did not operate as a preference, unless the debtors were insolvent at the time it was made. Bankruptcy Act, § 60b (Comp. St. § 9644); In re Leech, 171 Fed. 622, 96 C. C. A. 424; Collier on Bankruptcy (11th Ed.) 869. The evidence adduced was not such as to support a finding that the financial condition of the bankrupts did not change for the worse between the time of the transfer in question and that of the filing of the petition in bankruptcy. The record does not show that the court found that the bankrupts were insolvent when the transfer was made. In the absence of evidence to support such a finding, the decree appealed from is not sustainable.

That decree is reversed.