## ADAMS v. JONES.*

(Circuit Court of Appeals, Fifth Circuit. February 11, 1926.)

No. 4452.

1. **Courts ⬤⇒352—Jury ⬤⇒14(7)—Bill in equity by receiver to recover property subject of fraudulent and preferential transfer should have been transferred to law side of docket (Const. Amend. 7; Judicial Code, § 267 [Comp. St. § 1244]; Bankruptcy Act, §§ 60b, 70e [Comp. St. §§ 9644, 9654].**

Under Const. Amend. 7, and Judicial Code, § 267 (Comp. St. § 1244), bill in equity by trustee in bankruptcy to recover property delivered by bankrupt to father-in-law under circumstances showing voidable preference and fraudulent transfer, under Bankruptcy Act, §§ 60b, 70e (Comp. St. §§ 9644, 9654), should have been transferred to law side of docket, on ground that adequate remedy at law existed.

2. **Equity ⬤⇒43.**

Charge of fraud does not give court of equity jurisdiction, where complete relief on that ground can be obtained in court of law.

3. **Equity ⬤⇒21—Bill in equity will not lie, where there is obligation to pay definite sum of money held in trust, and plaintiff is entitled to all or none.**

Where there is simply an obligation to pay sum of money held in trust, which has been definitely ascertained, and plaintiff is either entitled to all or none of it, bill in equity will not lie.

4. **Bankruptcy ⬤⇒287(3).**

Equity jurisdiction does not attach merely because suit relates to bankruptcy, but depends on nature of relief sought.

5. **Courts ⬤⇒335(1)—Federal courts cannot follow state statutes or rules enlarging equity jurisdiction.**

Federal courts are bound by distinction between suits in equity and at law established for their guidance, and cannot follow state statutes or rules enlarging equity jurisdiction.

6. **Limitation of actions ⬤⇒127(18).**

Transfer of action at law to equity side of court is not institution of new suit, and may be done, though new suit would be barred.

Appeal from the District Court of the United States for the Middle District of Alabama; Henry D. Clayton, Judge.

Bill in equity by E. O. Jones, as trustee in bankruptcy of B. A. Collins, against J. B. Adams. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

*Certiorari denied 46 S. Ct. 637, 70 L. Ed. —.

Ray Rushton and H. F. Crenshaw, both of Montgomery, Ala. (Rushton, Crenshaw & Rushton, of Montgomery, Ala., E. C. Boswell, of Geneva, Ala., on the brief), for appellant.

B. P. Crum and R. E. Steiner, Jr., both of Montgomery, Ala. and B. G. Farmer, A. K. Merrill, and O. S. Lewis, all of Dothan, Ala., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. Appellee, as trustee in bankruptcy of B. A. Collins, filed a bill in equity against appellant, J. B. Adams. The bill avers that Collins, a few hours before he filed a voluntary petition in bankruptcy, delivered to appellant, his father-in-law, the sum of $5,520, under such circumstances as to show a voidable preference and a fraudulent transfer, under sections 60b and 70e, respectively, of the Bankruptcy Act (Comp. St. §§ 9644, 9654). The bill prays that Adams be decreed to hold the money received by him in trust for, and be required to account for and pay it over to, the trustee, and for general relief.

The District Judge overruled a motion by appellant to transfer the case to the law side of the docket, and after hearing the witnesses found that the averments of the bill were true, and thereupon entered a common-law judgment that appellee, as trustee, have and recover of and from appellant the sum of money sued for, with interest and costs.

[1] This appeal is taken on the ground that the District Court was without jurisdiction to proceed in equity, and therefore should have granted appellant's motion to transfer the case to the law side of the docket. We do not state the substance of the evidence; it is sufficient to say that we concur in the conclusions reached by the District Judge upon the facts. We are of opinion, however, that appellee has an adequate remedy at law, and that appellant's motion should have been granted.

Trials by jury in suits at common law are preserved by the Seventh Amendment, and section 267 of the Judicial Code (Comp. St. § 1244), which is in substance the same as section 16 of the Judiciary Act of 1789, provides that "suits in equity shall not be sustained in any court of the United States in any case where a plain, adequate, and complete remedy may be had at law." In Whitehead v. Shattuck, 11 S. Ct. 276, 138 U. S. 146, 34 L. Ed. 873, it is said:

"It would be difficult, and perhaps impossible, to state any general rule which would determine, in all cases, what should be deem-

ed a suit in equity, as distinguished from an action at law, for particular elements may enter into consideration which would take the matter from one court to the other; but this may be said that, where an action is simply for the recovery and possession of specific real or personal property, or for the recovery of a money judgment, the action is one at law."

A common-law action, such as replevin, or for money had and received, would have been effectual, and would have afforded a remedy as complete as was or could have been obtained in this equity suit.

[2-5] The averment of fraud, and prayer that the sum of money here sought to be recovered be decreed to be held in trust, contained in the bill in this case, were not sufficient to show that the trustee's remedy at law was inadequate. A charge of fraud does not give a court of equity jurisdiction, where complete relief on that ground can be obtained in a court of law. Buzard v. Houston, 7 S. Ct. 249, 119 U. S. 347, 30 L. Ed. 451; United States v. Bitter Root Development Co., 26 S. Ct. 318, 200 U. S. 451, 50 L. Ed. 550; Equitable Life Assurance Society v. Brown, 29 S. Ct. 404, 213 U. S. 25, 53 L. Ed. 682; Warmath v. O'Daniel, 159 F. 87, 86 C. C. A. 277, 16 L. R. A. (N. S.) 414; Pomeroy's Equity Jurisprudence, §§ 178 and 914. Where there is simply an obligation to pay a sum of money held in trust, which has been definitely ascertained, and the plaintiff is either entitled to all or none of it, a bill in equity will not lie. Miller v. Steele, 153 F. 714, 82 C. C. A. 572; United States v. Bitter Root Development Co., supra.

Equity jurisdiction does not attach merely for the reason that a suit relates to bankruptcy; but whether such a suit should be heard and determined on the equity or law side of the court depends, as in other cases, on the nature of the relief sought. Warmath v. O'Daniel, supra. Federal courts are bound by the distinction between suits in equity and at law established for their guidance, and are not at liberty to follow state statutes or rules of procedure, which enlarge equity jurisdiction. Whitehead v. Shattuck, supra; Scott v. Neely, 11 S. Ct. 712, 140 U. S. 106, 35 L. Ed. 358; Cates v. Allen, 13 S. Ct. 883, 977, 149 U. S. 451, 37 L. Ed. 804; Pusey & Jones Co. v. Hanssen, 43 S. Ct. 454, 261 U. S. 491, 67 L. Ed. 763. It is therefore immaterial that this suit could have been maintained in equity in an Alabama state court.

There is nothing in Hicks v. Moore (C. C. A.) 261 F. 773, or in Walker v. Wilkinson (C. C. A.) 3 F.(2d) 867, both of which cases were decided by this court, to support the view that this suit is maintainable, as is contended by appellee. In the first of these cases a bill was filed to set aside a sale of cotton, a relief which could not be granted in an action at law. The bill was amended, so as to pray that the cotton be surrendered to the plaintiff, and it was held that the effect of the amendment was to make the suit one at law, but that the defendant could not complain, because he had acquiesced in the case being proceeded with in equity. The bill in Walker v. Wilkinson, among other things, alleged that Walker had invested a large sum, constituting the assets of the bankrupt, in real estate, to which he had taken title. That bill contained a prayer for the foreclosure of plaintiff's lien against the real estate. There were many other features which distinguish it from the bill before us.

[6] The conclusion is that the case should be transferred to the law side of the docket for trial. That may be done, although a new suit would be barred. Friederichsen v. Renard, 38 S. Ct. 450, 247 U. S. 207, 62 L. Ed. 1075.

The judgment is reversed, and the cause remanded, for further proceedings not inconsistent with this opinion.