## GELINAS v. BUFFUM.
### No. 6401.

Circuit Court of Appeals, Ninth Circuit.
·Sept. 19, 1931.

Huston, Huston & Huston, of Woodland, Cal., W. T. Belieu, of Willows, Cal., and Percy Napton, of Woodland, Cal., for appellant.

Devlin & Devlin & Diepenbrock, Robt. T. Devlin, Wm. H. Devlin, Arthur C. Devlin, A. I. Diepenbrock, and Horace B. Wulff, all of Sacramento, Cal., and George R. Freeman, of Willows, Cal., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and NETERER, District Judge.

SAWTELLE, Circuit Judge.

This proceeding, improperly termed a suit in equity, but in reality an action at law, was brought by the trustee in bankruptcy against the sister of the bankrupt, for the recovery of a money judgment.

Omitting the formal parts of the complaint, it is alleged in substance that Henry Barceloux filed a petition in voluntary bankruptcy and was adjudicated a bankrupt in February, 1927; that the complainant was appointed trustee on March 14, 1927; that on August 24, 1926, Henry Barceloux "purported to sell to defendant," for $2,000, 35 shares in the United Bank & Trust Company and 138 shares in the Glenn County Bank, subject to mortgages aggregating $13,800; that said shares were of "the reasonable value" of $25,772.50, and that the bankrupt's equity therein was about $11,972.50; that at the time of the purported sale the bankrupt was insolvent, and contemplating the filing of a petition in bankruptcy; that said purported sale and "transfers were respectively made by said Henry Joseph Barceloux with intent to defeat, delay, and defraud the creditors of the bankrupt and to conceal his assets from said creditors, and that defendant * * * was aware" of such intent.

As a second cause of action, the complaint sets forth that on July 8, 1926, Henry purported to sell to the defendant a share of stock in the Peter Barceloux corporation; that at the time Henry was insolvent, etc.; that the purported sale was made with intent to defeat, etc., his creditors and to conceal his assets.

The complaint closes with a prayer for judgment against the defendant for the value of the shares mentioned in the first cause of action, as of August 24, 1926, less the sum due on the mortgages, plus interest at 7 per cent., and for the return by the defendant to the plaintiff of the share of Barceloux Company stock, covered by the second cause of action, or, if such delivery cannot be made, for its value as of the date of the purported sale, with interest at 7 per cent., and for costs.

The District Court rendered judgment for the plaintiff, and issued an interlocutory decree appointing a master to ascertain the highest aggregate value of the claimed shares in the three corporations during the period commencing August 16, 1926, and ending at the date of the filing and approval of the audit or report. The same opinion was filed [1] in this case as was rendered in the companion cause of Peter Barceloux Company, Appellant, v. Buffum, Trustee, now pending in this court.

On May 29, 1930, the master filed his report, fixing the highest aggregate value of the disputed shares at $63,191.42, subject to an incumbrance of $13,800. On September 19, 1930, the District Court entered an order confirming the master's report, awarding judgment for plaintiff in the sum of $49,391.42, with costs and master's fees, and postponing any claims that Mrs. Gelinas might have against the bankrupt, to those of all other creditors of the estate, in so far as the money collected by the trustee in pursuance of the present judgment was concerned. As the appellee points out in his reply brief, this part of the decree should be stricken or disregarded. From the above judgment, defendant appeals.

It will be noticed that the judgment of the court is not responsive to the complaint in two particulars:

1. As to the shares involved in the first cause of action, the court awarded the highest aggregate value, while the complaint asked for the value as of the date of transfer, plus interest.

2. As to the share forming the basis of the second cause of action, the lower court awarded the highest aggregate value, while the complaint asked for the return of the stock itself, "or if such delivery cannot be made," for the value of the stock as of the date of transfer, with interest. There is no showing that "such delivery cannot be made."

[1] In court below, 51 F.(2d) 80.

We have minutely scrutinized the complaint, and fail to find a single element in which it sets forth a cause of action to warrant relief in equity. True, the return of the single share of Barceloux stock is asked for; but such return could be decreed by a court of law, in an appropriate common-law action.

In Whitehead v. Shattuck, 138 U. S. 146, 151, 11 S. Ct. 276, 277, 34 L. Ed. 873, Mr. Justice Field used language extremely apposite in the instant case: "Where an action is simply for the recovery and possession of specific, real, or personal property, or for the recovery of a money judgment, the action is one at law."

In Adams v. Jones (C. C. A.) 11 F.(2d) 759, 760, infra, the court said: "A common-law action, such as replevin, * * * would have been effectual, and would have afforded a remedy as complete as was or could have been obtained in this equity suit."

Aside from the return of the single share, the other relief prayed for in the bill of complaint is strictly for a money judgment. In United States v. Sloan Shipyards Corporation et al. (D. C. Wash.) 270 F. 613, 617–618, the court said: "The relief demanded is gauged by the prayer. This gives the defendants such precise information as to the judgment demanded, if default is made, so they may be able to decide whether or not to defend. Section 258, Code Wash.; Rush v. Brown, 101 Mo. 586, 14 S. W. 735; Arrington v. Liscom, 34 Cal. [365], 375, 94 Am. Dec. 722; Noonan v. Nunan, 76 Cal. 44 at page 49, 18 P. 98. * * * Notwithstanding the pleading is denominated a bill in equity, the contents determine its relation."

It is fundamental that equity will not attempt to give relief when, on the face of the pleadings, it is clear that "a plain adequate and complete remedy" may be had at law. Terrace v. Thompson, 263 U. S. 197, 214, 44 S. Ct. 15, 17, 68 L. Ed. 255.

While this objection sometimes may be waived by acquiescence on the part of the defendant, such acquiescence does not amount to a waiver when the bill, on its face, shows lack of jurisdictional averments in equity. Wylie v. Coxe, 56 U. S. (15 How.) 415, 420, 14 L. Ed. 753; Lewis v. Cocks, 90 U. S. (23 Wall.) 466, 470, 23 L. Ed. 70.

The case made by the plaintiff is not one of which a court of equity may take cognizance. A court of equity will not establish purely legal rights, not dependent on, or germane to, matters of equitable jurisdiction.

The relief demanded unquestionably could have been obtained in an action at law. "Equity jurisdiction does not attach merely for the reason that a suit relates to bankruptcy; but whether such a suit should be heard and determined on the equity or law side of the court depends, as in other cases, on the nature of the relief sought." Adams v. Jones (C. C. A.) 11 F.(2d) 759, 760.

"Federal courts are bound by the distinction between suits in equity and at law established for their guidance, and are not at liberty to follow state statutes or rules of procedure, which enlarge equity jurisdiction." Adams v. Jones, supra, and cases there cited.

In Windsor v. McVeigh, 93 U. S. 274, 282, 23 L. Ed. 914, Mr. Justice Field used the following language: "All courts, even the highest, are more or less limited in their jurisdiction; they are limited to particular classes of actions, such as civil or criminal; or to particular modes of administering relief, such as legal and equitable."

In the case of United States v. Bitter Root Co., 200 U. S. 451, 472, 26 S. Ct. 318, 324, 50 L. Ed. 550, the court said: "It is not necessary to cite many authorities for the proposition that where the main cause of action is of a legal nature, equity has no jurisdiction, provided the complainant has full and adequate remedy at law for the wrongs complained of. * * * A mere charge of fraud does not give equity jurisdiction."

See, also, Adams v. Jones, supra: "The averment of fraud, and prayer that the sum of money here sought to be recovered be decreed to be held in trust, * * * were not sufficient to show that the trustee's remedy at law was inadequate. A charge of fraud does not give a court of equity jurisdiction, where complete relief on that ground can be obtained in a court of law. [Cases cited.]"

If it be conceded that the court in equity had jurisdiction of the cause, the judgment was not responsive to the pleadings. The prayer of the complaint asked for judgment for the value of the stock as of August 24, 1926, whereas the court ordered an auditor or special master to ascertain the highest aggregate value thereof between that date and the date of the report or the audit. Counsel for the appellee confesses that the master did not find the value of the stocks at the date of the transfer. In the case of Farmers' & Merchants' Bank of Phoenix, Arizona, v. Arizona Mutual Savings & Loan Association et al. (C. C. A. 9) 220 F. 1, 6, Judge Gilbert, speaking for this court, said, in referring to

Reynolds v. Stockton, 140 U. S. 254, 11 S. Ct. 773, 35 L. Ed. 464:

"And the court held that, to constitute jurisdiction to adjudicate concerning the subject-matter in a given case, there are three essentials. The court said:

"'First, the court must have cognizance of the class of cases to which the one to be adjudged belongs; second, the proper parties must be present; third, the point decided must be, in substance and effect, within the issue. That a court cannot go out of its appointed sphere, and that its action is void with respect to persons who are strangers to its proceedings, are propositions established by a multitude of authorities. A defect in a judgment arising from the fact that the matter decided was not embraced within the issue has not, it would seem, received much judicial consideration. And yet I cannot doubt that, upon general principles, such a defect must avoid a judgment.'"

It may be contended that because the defendant acquiesced in the equity proceeding, she cannot now complain. But, as we have seen, such acquiescence cannot confer equity jurisdiction where, on the face of the pleadings, averments establishing equity jurisdiction are lacking.

In the last analysis, this action is merely one for a money judgment for the value of personal property alleged to have been wrongly converted by the defendant to her own use—a controversy over which a court of equity has no jurisdiction and one which should have been submitted to a jury. The right of a trustee in bankruptcy, under the Bankruptcy Act § 70e, 11 USCA § 110(e), to sue, at his election, for the value of the property or for the property itself, while enlarging the trustee's right, does not change the form of the action or authorize him to bring an action at law in a court of equity. It is not affected by the well-known principle that "a court of equity, in a suit of which it has and takes cognizance, may administer complete relief between the parties, even though this involves the determination of legal rights which otherwise would not be within the range of its authority. Camp v. Boyd, 229 U. S. 530, 552, 33 S. Ct. 785, 57 L. Ed. 1317; McGowan v. Parish, 237 U. S. 285, 296, 35 S. Ct. 543, 59 L. Ed. 955; United States v. Union Pacific Ry. Co., 160 U. S. 1, 50 et seq., 16 S. Ct. 190, 40 L. Ed. 319." Kinney-Coastal Oil Company et al. v. Kieffer et al., 277 U. S. 488, 507, 48 S. Ct. 580, 584, 72 L. Ed. 961. See, also, the recent case of People of Porto Rico

v. Livingston, 47 F.(2d) 712, 721 (C. C. A. 1), in which the court stated the rule with the proper qualification: "Once having assumed jurisdiction, it [the court of equity] will determine all rights, legal or equitable, *which are necessary to settle the equitable issues.*" (Italics our own.)

In the instant case, the remedy at law is not only adequate, but it is the only remedy, if any, to which the plaintiff is entitled under the pleadings.

The judgment is reversed, with instructions to the lower court to transfer the case to the law side of the calendar, for further proceedings in accordance with the other suggestions herein contained. Equity Rule 22 (28 USCA § 723).

Judgment reversed, with instructions.