## MESARD v. BRENNER.

## In re AMERICAN MOTOR PRODUCTS CORPORATION.
### No. 164.

Circuit Court of Appeals, Second Circuit.
April 10, 1939.

David W. Kahn, of New York City, for appellant.

Copal Mintz, of New York City, for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The plaintiff, as trustee in bankruptcy of American Motor Products Corporation, brought, on April 19, 1938, his bill of complaint in equity in the District Court for the Southern District of New York to set aside the transfer by the bankrupt to the defendant of a negotiable warehouse receipt issued by Baker & Williams Storage Warehouses. The receipt was for 795

cartons and 1 keg of automobile parts and the transfer was claimed to be voidable upon four grounds, viz: that it was a preferential transfer under the Bankruptcy Law; also under Sec. 15 of the New York Stock Corporation Law, Consol.Laws, c. 59; was made without consideration and with intent to hinder, delay and defraud creditors; and, being without consideration, was in violation of Sec. 274 of the New York Debtor and Creditor Law, Consol.Laws, c. 12. The defendant moved to dismiss the bill on the ground that the plaintiff had an adequate remedy at law and in the alternative requested a transfer of the cause to the law side of the district court under Equity Rule No. 22, 28 U.S.C. A. following section 723. The transfer to the law side was ordered. The plaintiff then moved for leave to amend the bill of complaint in equity. Leave so to do was granted and an amended bill was filed.

The amended bill alleged that the American Motor Products Corporation filed its petition for reorganization under 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, in the District Court for the Southern District of New York on May 28, 1937; that its petition was approved the same day and that thereafter, on October 22, 1937, an order in such proceedings was duly entered adjudging it a bankrupt and providing for its liquidation. The plaintiff was appointed trustee in bankruptcy on November 9, 1937. The transfer of the warehouse receipt between May 24, and May 28, 1937, was alleged together with the facts on which it was claimed to be voidable.

These allegations were accompanied by others to the effect that the merchandise had been sold free and clear of liens on January 17, 1938, under an order of the referee in bankruptcy; that $5,000 had been realized on the sale; and that the plaintiff was holding those proceeds in a separate fund pending the determination of the claims of the defendant.

It was also alleged that the plaintiff and the defendant had on March 16, 1938, entered into a stipulation, duly approved by the referee in bankruptcy, which was attached to the bill as Exhibit A.

The material parts of that stipulation follow:

"1. The $5,000 now held by the Trustee as the proceeds of the sale of the warehoused merchandise shall, for all purposes, be deemed and accepted as the full substitute for, and equivalent of, the merchandise previously in the warehouse of Baker & Williams, under a negotiable warehouse receipt held by Brenner, without prejudice to the rights and status of the respective parties.

"2. The Trustee shall, within thirty (30) days from the date hereof, commence, and thereafter prosecute, a plenary action in the United States District Court for the Southern District of New York, in which shall be determined the rights of the respective parties to said money as the substitute of said merchandise. Save that the Trustee shall proceed by plenary action, no stipulation is hereby made as to form of action or remedy.

"3. The above mentioned warehouse receipt shall, without prejudice, be delivered to David W. Kahn, Esq., to be held by him, pending the final determination of the plenary suit to be brought as aforesaid, but, regardless of the outcome of the said suit, no action shall be brought on said warehouse receipt, the fund of $5,000 realized on the sale of the merchandise in the warehouse to stand, for all purposes, in place thereof. If the transfer of the warehouse receipt is set aside in the plenary suit it shall be surrendered to the warehouse. On the other hand, if the transfer of the said receipt by the bankrupt to Brenner is sustained, Brenner shall receive the fund aforementioned.

"4. Brenner shall discontinue, without costs, the action commenced by him in the Supreme Court, New York County, against Baker & Williams, and no further suit will be instituted against the Warehouse in the future.

"5. Brenner shall desist from any further or additional objection to, or attack upon, the above mentioned orders. The Trustee waives costs, if any, on the appeal taken and motion for leave to appeal. The Trustee consents that the appeal bond posted by Brenner be cancelled.

"6. The motion now pending before Judge Caffey for an injunction against Brenner shall be withdrawn.

"7. The Trustee shall apply to the Referee for an order approving and putting into effect the provisions hereof."

The relief sought included a determination of the rights of the parties in respect to the proceeds of the sale and an injunction to restrain the defendant from instituting any suit or proceeding either against

the plaintiff or others "for the recovery or conversion of the merchandise embraced by the warehouse receipt aforementioned or the proceeds realized upon the sale of said merchandise; * * *".

After the amended bill was filed the district judge remained of the opinion that the cause should be transferred to the law side and so ordered with leave to the plaintiff to amend his complaint "to plead such action at law as he may deem advisable". The appeal is from this order.

Though the bill contains a prayer for an injunction it is to be noted that there is no allegation whatever that the defendant has not complied in all respects with the stipulation entered into before this suit was brought; nor that he has threatened not to comply with it; nor that the plaintiff has any reason whatever for believing, or that he does believe, that the defendant will not comply with the terms of the stipulation. In the absence of any such allegations the bill shows on its face that the prayer for an injunction was absolutely groundless.

The plaintiff's own attorney had possession, in accordance with the stipulation, of the warehouse receipt and the fund realized from the sale of the merchandise covered by it was held by the plaintiff and was to be treated in all respects as the merchandise itself "without prejudice to the rights and status of the respective parties". The defendant had discontinued his suit against the warehouse and agreed not to bring another; had agreed not to attack the orders which had been made and the plaintiff had agreed that the pending motion for an injunction against the defendant would be withdrawn.

Since the bill itself completely negatives the right of the plaintiff to an injunction, no need for injunctive relief prevented the court from ordering the cause transferred to the law side in the exercise of its discretion. King Mechanism & E. Co. v. Western Wheeled Scraper Co., 7 Cir., 59 F.2d 546; Root v. Lake Shore & M. S. Ry. Co., 105 U.S. 189, 26 L.Ed. 975.

The order was, therefore, without error provided the plaintiff had a plain, adequate and complete remedy at law. 28 U.S.C.A. § 384. In so far as the action was one to recover a preferential transfer, he had such a remedy at law. Schoenthal v. Irving Trust Co., 287 U.S. 92, 53 S.Ct. 50, 77 L.Ed. 185. It is doubtful whether the bill does adequately allege any cause of action for a fraudulent transfer. At any rate no distinction between the counts has been made and we therefore treat them, as have the parties, alike to the extent that the proper disposition of the preference counts will also control as to the others. The clear showing that the plaintiff had no adequate remedy at law which is necessary to entitle him to equitable relief was not made and so error in ordering the transfer to the law side of the court has not been shown. Schoenthal v. Irving Trust Co. supra.

Affirmed.