Frank M. CHICHESTER, Trustee in Bankruptcy of Alexander Bisno, doing business as Bisno & Bisno, Plaintiff,

v.

Samuel KRAMER, individually and as Trustee for Julio Benedikt, Miguel Villa, and Oscar Villa, Julio Benedikt, Miguel Villa, Oscar Villa, Middle River Manor, Inc., and Riverdale Apartments, Inc., Defendants.

United States District Court
S. D. New York.
Nov. 20, 1957.

Krause, Hirsch & Heilpern, New York City, for plaintiff, Sydney Krause, New York City, of counsel.

Kramer & Kaprow, New York City, for defendants, Samuel Kramer, David L. Weissman, New York City, of counsel.

HERLANDS, District Judge.

Motion to vacate demand for trial by jury.

Trustee in bankruptcy has brought this action against defendants to set aside an alleged voidable preferential transfer by the bankrupt of certain shares of stock to some of the defendants. Section 60(b) of the Bankruptcy Act, 11 U.S.C.A. § 96(b). The complaint alleges, *inter alia*, that plaintiff would

be irreparably damaged if the stock were further negotiated during the pendency of this action. In its prayer for relief, the complaint asks that the transfer be set aside; that defendants be required specifically to transfer the said stock to plaintiff; that, if the transferred stock has been converted or disposed of by defendants, plaintiff have judgment for $100,000, with interest, against defendants; and that, during the pendency of the action, defendants be enjoined from transferring the said stock.

Defendants' answer (paragraph 5) admits that the stock was transferred to them and that the stock has been surrendered in return for new certificates which defendant Kramer is holding in trust for several of the defendants.

Within ten days after answering, defendants filed a demand for trial by jury. Rule 38(b), 28 U.S.C.A. Plaintiff makes the present motion to vacate the demand for trial by jury. Rule 39(a) (2).

Plaintiff's position is that "the relief sought by the plaintiff is purely equitable in nature" (moving affidavit, pp. 3–4) and that, therefore, defendants have no right to a jury trial. Defendants' opposing contention is that they have a constitutional right (Seventh Amendment) to a jury trial because this action is clearly one at law. The basic issue thus presented is whether the action is at law or in equity.

■ Although the Federal Rules of Civil Procedure provide for only "one form of action" and have abolished, to that extent, the distinction between cases "at law" and cases "in equity" (F.R.C.P., rules 1, 2), the distinction continues to be important in determining whether a party is entitled to a trial by jury. Schaefer v. Gunzburg, 9 Cir., 1957, 246 F.2d 11; United Press Associations v. Charles, 9 Cir., 1957, 245 F.2d 21.

■ If this action would have been properly classified as equitable at the time of the adoption of the Constitution, there is no right to a trial by jury. See United States v. State of Louisiana, 1950, 339 U.S. 699, 706, 70 S.Ct. 914, 94 L.Ed. 1216; Barton v. Barbour, 1881, 104 U.S. 126, 133–134, 26 L.Ed. 672; Shields v. Thomas, 1855, 18 How. 253, 262, 59 U.S. 253, 262, 15 L.Ed. 368.

■■ The Court is required to scrutinize the entire complaint in order to ascertain whether the essential nature of the action is legal or equitable. The general rule is that "where an action is simply for the recovery and possession of specific, real, or personal property, or for the recovery of a money judgment, the action is one at law." Whitehead v. Shattuck, 1891, 138 U.S. 146, 151, 11 S.Ct. 276, 277, 34 L.Ed. 873.

Section 60(b) of the Bankruptcy Act now provides that the preference "may be avoided by the trustee" and "the trustee may recover the property or, if it has been converted, its value." Prior to 1938, the Act provided that the trustee may "recover the property or its value." Thus, under the former statute, the trustee had the option to recover the property or its value, whereas the present statute requires the trustee to recover the property, unless it has been converted; and, if so converted, its value. While the trustee's option has been eliminated, the change does not affect the nature of the action.

Until 1932, there had been a division among the circuits as to whether an action to set aside a preference could be brought at law or equity. This issue was settled by the Supreme Court in Schoenthal v. Irving Trust Co., 1932, 287 U.S. 92, 53 S.Ct. 50, 77 L.Ed. 185. In Schoenthal, the action was to recover money alleged to have been preferentially transferred. The plaintiff asked for equitable relief ("a decree declaring the payments preferential and directing defendants to account for and pay to plaintiff the amounts so received." 287 U.S. at page 93, 53 S.Ct. at page 51). The Supreme Court held that the defendants were entitled to a jury trial and to have the case transferred to the law side. The Court found (287 U.S. at page 94, 53 S.Ct. at page 51) that "common-law ac-

tions of trover and money had and received" had long been used "for the recovery of preferential payments by bankrupts."

Schoenthal has been interpreted by the commentators to mean that—where the trustee is simply seeking the recovery and possession of specific real or personal property or the recovery of a money judgment—the action is one at law and that the parties are entitled to a jury trial unless the facts demonstrate that the legal remedy will be inadequate. 5 Moore, para. 38.30[4]; 42 Yale L.J. 450 (1933). See, also, Harper, Recovery of Property by Trustee in Bankruptcy in the Federal Courts, 78 U. of Penna. L.Rev. 461, 481, 486–487 (1930), where the author (prior to Schoenthal) expressed the view that equity had no jurisdiction in cases involving recovery of chattels or personal property that had been conveyed as a preference.

■ Plaintiff herein seeks to confine the applicability of Schoenthal to its holding, i. e., to cases where the trustee sues for a sum of money only. However, while such is the precise holding of Schoenthal, this Court is of the view that the rationale and implications of Schoenthal are, as Professor Moore states, that "an action by the trustee to recover a money judgment or property preferentially transferred is legal in character and hence a jury action, unless there are facts or circumstances that render the legal remedy inadequate." 5 Moore, para. 38.30[4], at p. 227.

The foregoing view is supported by the great weight of authority. See Adams v. Champion, 1935, 294 U.S. 231, 234, 55 S.Ct. 399, 79 L.Ed. 880; Gelinas v. Buffum, 9 Cir., 1931, 52 F.2d 598; Mesard v. Brenner, 2 Cir., 1939, 103 F.2d 332; Perkins v. Remillard, D.C.D.Mass. 1949, 84 F.Supp. 224.

Of course, if the legal remedy is demonstrably inadequate, the trustee may bring his action in equity and, under such circumstances, the defendant does not have the right to a jury trial. Hummel v. Wells Petroleum Co., 7 Cir., 1940, 111 F.2d 883; Johnson v. Gardner,

9 Cir., 1949, 179 F.2d 114; Kemp-Booth Co. v. Calvin, 9 Cir., 1936, 84 F.2d 377.

■ Aside from the phrasing of the prayer for relief, the allegations of the complaint in the present case do not indicate that the legal remedies are inadequate. On the contrary, plaintiff's claim affirmatively appears to be one at law and for which the traditional remedies are entirely adequate. Nor does plaintiff's demand for a temporary injunction deprive defendants of their right to a jury trial. Cf. Ring v. Spina, 2 Cir., 1948, 166 F.2d 546. The Court may grant whatever interlocutory relief to which plaintiff shows he is entitled (F.R.C.P., rules 64, 65), without depriving defendants of their right to a jury at the ultimate trial.

Motion to vacate the demand for a jury trial is denied. Settle order on notice.